J. C. MARCOM, Administrator of Alexander Overby, v. RALEIGH AND AUGUSTA AIR LINE RAILROAD CO.

(Decided March 20, 1900.)

*Negligence—Road-bed—Track—Cross-ties—Malicious  Act of  Party  Unknown—Derailment—Burden  of  Proof— Judge's  Charge.*

1. Where the derailment of the engine resulted in the death of the intestate, a fireman in the employment of defendant company, a *prima facie* case of negligence is to be inferred, and the burden is thrown upon the defendant to disprove negligence on its part.

2. When the plaintiff contends that the fatal accident resulted from the negligence of the defendant company in failure to provide a proper roadbed and track; in using, where the wreck occurred, decayed and rotten cross-ties, and rusty and decayed track irons, bolts and bars; while the defendant denied negligence in any duty required of it, and contends that the roadbed and track were in proper order, the cross-ties sound, and that its rails and other irons were not rusty but strong and in every respect suitable for the work required of them, and attributed the injury to the malicious act of some person unknown, who between 9 and 12.20 o'clock that night removed the fastenings of the bolts from the angle bars and rails, and then removed one of these rails into a position which caused the engine and train to leave the track; and there being evidence in support of the contentions of both sides, and the charge of his Honor, taken as a whole, presents fairly and correctly the contentions of the parties, the evidence and the law arising thereon, exceptions to the exclusion of competent, though immaterial evidence, and to isolated expressions in the charge, perhaps too indefinite to stand alone, are not of sufficient importance to justify a new trial.

CIVIL ACTION to recover damages for the death of the intestate of plaintiff, alleged to have been occasioned, while acting as fireman, by the negligence of defendant company in allowing their road-bed, track cross-ties, and irons to be in

unsafe condition, tried before *Moore, J.,* at October Term, 1899, of WAKE Superior Court.

The defendant denied being guilty of negligence, and alleged that their road-bed, track, cross-ties, rail and irons were in proper condition, and while it admitted the derailment, resulting in the death of the intestate, the fireman in its employment, denied that it was occasioned by any fault of the company, and alleged that it was the wanton and malicious work of some unknown person who, the night of the wreck, withdrew the spikes and loosened the rail and so shifted it as to run the train off the track. The evidence was voluminous and conflicting—each side furnishing testimony in support of their respective views.

His Honor recapitulated the contention of the parties and the evidence introduced and relied upon by each. He, in effect, charged the jury that it was a question for them to determine the real cause of the trouble; if the fatal injury resulted from the defective ties and road-bed, then the defendant is liable. The existence of defects in the road-bed would not render the defendant liable in damages for the death of the intestate, unless these defects were the occasion of his death. If it resulted from the act of some third person, which the defendant had no opportunity to remedy, in opening the track and displacing a rail, then the defendant is not liable. But when the plaintiff shows that his intestate was killed on this track in the manner described by the witnesses and admitted in the pleadings, then it devolved upon the defendant to disprove the negligence, that is, to show that the injury did not result from defendant's negligence, and the question at last for you to determine is whether the defendant has satisfied you by all its evidence, that it is not responsible for the death of this man. It is responsible, if

its negligence produced his death; it is not responsible, if his death was produced by the act of some third party.

The plaintiff excepted.

The verdict of the jury exonerated the defendant, and the Court rendered judgment against the plaintiff, who appealed.

*Messrs. Armistead Jones,* and *Womack & Hayes,* for appellant.

*Messrs. J. B. Batchelor,* and *W. H. Day,* for appellee.

DOUGLAS, J.   This is an action brought by the administrator to recover damages for the death of his intestate, alleged to have occurred through the negligence of the defendant.   The deceased was a fireman on defendant's engine, which left the track, resulting in his death.   The defendant contended that the accident did not occur through its own negligence, but was the direct result of the malicious act of some outside party in pulling out the spikes and pressing in the end of the forward rail, thus making what is called in railroad parlance a "jack-switch."   The effect of such a switch is to cause the wheels on one side of the engine to run off the open end of the rear rail upon the ties, and as the flange is on the inside of the wheel, to eventually force the engine clear off the rails.   Defendant further contended that it was in no way responsible for such malicious act, and could not have prevented its consequences by any reasonable diligence. This view was evidently taken by the jury, who found for the defendant, and there appears sufficient evidence to justify their finding.

It is not necessary to examine all the exceptions in detail, as we think that none of them are of sufficient importance to justify a new trial.

The plaintiff asked one of his witnesses the following question: "State whether, by going over the road and examining the ties, it could have been ascertained whether any of them were rotten, by a man who was not a railroad man." The defendant objected, and his objection was sustained. We will frankly say that we do not see why the question was excluded, nor what substantial benefit it would have been to the plaintiff, if allowed. He has not enlightened us as to his purpose in asking it. We think it would have been proper to have allowed the question, but we do not think that any possible answer could have affected the verdict. Of course it does not take any technical skill to tell when wood is rotten, especially if it is examined, and this the jury must have known.

The plaintiff further contends that the charge of his Honor was misleading as to the burden of proof. While some parts of the charge are perhaps too indefinite to stand alone, we think that, taken as a whole, it presents fairly and correctly the contentions of the plaintiff and the law arising thereon. *Max v. Harris,* 125 N. C., 351.

There is a clear distinction between such cases and those where the charge is calculated to mislead, either by being inconsistent or contradictory, or where any part thereof contains positive and uncorrected error.

The principles governing the case at bar are well settled. It is the duty of every railroad company to provide and maintain a safe road-bed, and its negligent failure to do so is negligence *per se.* But while the company is held to a very high degree of care, there must in all cases be some element of negligence to justify a recovery, and it can not be held responsible for the wanton and malicious act of an outsider, unless it could by the exercise of reasonable diligence have prevented

the consequences of such act. As the law places upon the company the positive duty of providing a safe track, including the incidnental duties of inspection and repair, its unsafe condition, whether admitted or proved, of itself raises the presumption of negligence. This is always the case where there is a failure to perform a positive duty imposed by law. The burden of proving such a failure of legal duty rests upon the plaintiff, but when that fact is proved or admitted, the burden of proving all such facts, as are relied on by the defendant to excuse its failure, rests upon the defendant. Its plea, then, is in the nature of confession and avoidance.

When the defendant, in its answer, admitted that the death of the plaintiff's intestate was caused by the unsafe condition of its track, the plaintiff's case was practically made out for the time being, and the further burden was at once shifted to the defendant. Its contention that the accident was caused by the malicious conduct of someone for whom it was not responsible, and the consequences of whose act it could not have prevented by any reasonable degree of care, was an affirmative defense by its very nature, carrying with it the burden of proof. *Wright v. Railway,* 123 N. C., 280; *Bolden v. Railway, Ibid,* 614.

These principles are correctly laid down in the charge of the Court, and as we find no substantial error in the conduct of the trial, the judgment is

Affirmed.