CRESSLER v. ASHEVILLE.

(Filed May 23, 1905.)

*Appeal—Case on Appeal—Practice—Record Proper—Stenographer's Notes—Transcript on Appeal—Certiorari.*

1. Where there is no "case agreed" on appeal and none "settled" by the judge, and no error upon the face of the record proper, the judgment must be affirmed.

2. A "case on appeal" can be dispensed with only when the errors are presented by the record proper. Errors occurring during the trial can be presented only by a case on appeal.

3. When there is a defect of jurisdiction, or the complaint fails to state a cause of action, that is a defect upon the face of the record proper of which the court will take notice.

4. Chapter 58, Laws of 1903, authorizing an official stenographer for Buncombe County, and providing that the stenographic notes shall be typewritten and filed with the clerk of said court and "shall become a part of the records of the court," does not make them a part of the "record proper" on appeal, nor a part of the "case on appeal."

5. The "transcript or record on appeal" consists of the "record proper," i. e., summons, pleadings and judgment and the "case on appeal" which is the exceptions taken and such of the evidence, charge, prayers and other matters occurring at the trial as are necessary to present the matters excepted to, for review.

6. When the appellant makes out his "case on appeal" he should set out only so much of the evidence as is necessary to point his exceptions to evidence or to the charge given or prayers refused.

7. When there is a nonsuit granted or refused or a demurrer to the evidence, all the evidence that the appellant deems material should be sent up, but immaterial matters should be omitted.

8. While the stenographer's notes will have great weight with the judge, they are not conclusive of what the evidence was, or as to what exceptions were taken, or as to what rulings were made, and if counsel disagree the judge must settle the case as provided by section 550 of The Code.

9. The appellant should not "dump" the stenographic notes into the "case on appeal," but should prepare a concise statement of the evidence in a narrative form.

10. The mistake of counsel for appellant in sending up a certified copy of the stenographer's notes instead of settling the case on appeal as required by statute, does not entitle the appellant to a *certiorari*.

ACTION by Jane H. Cressler and her husband against the City of Asheville, heard by *Judge M. H. Justice* and a jury, at the September Term, 1904, of the Superior Court of BUNCOMBE County. From a judgment for the plaintiff, the defendant appealed.

*Locke Craig* for the plaintiff.
*Davidson, Bourne & Parker* for the defendant.

CLARK, C. J. There is no "case agreed" on appeal and none "settled" by the judge, and there being no error upon the face of the record proper the judgment must be affirmed. See numerous cases cited in Clark's Code (3 Ed.), p. 769. Errors occurring during the trial can be presented only by a "case on appeal." It is only when the errors are presented by the record proper, as in an appeal from a judgment upon

a demurrer, or upon a case agreed, or judgment granting or refusing an injunction to the hearing heard upon the affidavits, that a case on appeal can be dispensed with. *Ibid.,* p. 770. When there is a defect of jurisdiction, or the complaint fails to state a cause of action, that is a defect upon the face of the record proper of which the court will take notice. *Cummings v. Hoffman,* 113 N. C., 267; *Appomattox v. Buffaloe,* 121 N. C., 37.

By Chapter 58, Laws 1903, an official stenographer was authorized for Buncombe County, and a clause in section 4 of said Act provides that "such stenographic notes shall be typewritten and filed with the clerk of said court and shall become a part of the records of the court." But that did not make them a part of the "record proper" on appeal, which are the summons, pleadings and judgment; still less did it make such notes a part of the "case on appeal" which is a statement of the exceptions taken on the trial, and so much only of the evidence, or charge, or other happenings during the trial as is necessary to present intelligibly the exceptions. This court has both by decisions and an express rule (No. 22) endeavored always to avoid the unnecessary expense and oppression of copying into a transcript and printing superfluous matter, that can throw no possible light upon the exceptions taken. Clark's Code (3 Ed.), and cases cited on p. 918.

The entries of continuances, and other docket entries, interlocutory judgments in the cause, and incidental matters, as judgments *nisi* against witnesses, and many other matters are "a part of the records of the court" in a case, but are not part of the "record on appeal" unless there is some exception presenting it for review. "The evidence forms no part of the record." *State v. Godwin,* 27 N. C., 401. Prayers for special instruction are no part of the record on appeal. 24 A. & E. Enc. (2nd Ed.), 165. Though the charge of the court when in writing, Code, sec. 414, and prayers for instructions, Code, sec. 415, must be filed and become a "part

CRESSLER v. ASHEVILLE.

of the record of the action" just as these stenographer's notes, they are not a part of the "record proper;" nor do they become a part of the transcript or record on appeal, except such parts as some exception may require being put into the "case on appeal" by counsel, if they agree, and if not then by the judge when he "settles" the case on appeal.

The "transcript or record on appeal" consists of the "record proper," i. e., summons, pleading and judgment and the "case on appeal," which last is the exceptions taken and such of the evidence, charge, prayers and other matters occurring at the trial as are necessary to present the matters excepted to, for review. When the appellant makes out his "case on appeal," he should set out only so much of the evidence as is necessary to point his exceptions to evidence, or to point his exceptions to the charge given or prayers refused. The appellee can accept the appellant's "case" or if he adds or rejects anything, the judge "settles" the case on appeal.

When there is a nonsuit granted or refused, or a demurrer to the evidence, all the evidence that the appellant deems material should be sent up, but even then immaterial matters, especially evidence as to character and like matters, should be omitted, and indeed all except the evidence claimed to be material. While the stenographer's notes are filed under the statute, the "case on appeal" must be made up under the provisions of section 550 of The Code, just as in all other cases. The appellant will prepare "a concise statement of the case," presenting such matters as were excepted to. If there was a nonsuit refused or taken and the parties cannot agree upon the evidence, the judge must settle it. The stenographic notes will be of great weight with the judge, but are not conclusive if he has reason to believe there was error or mistake. The stenographer cannot take the place of the judge who is alone authorized and empowered by the Constitution to try the cause, and who alone (if counsel disagree) can settle for this court what occurred during the trial.

Here, the appellant under an erroneous opinion as to the function of the stenographer's notes, served no "case on appeal" on the other side, but sent up a certified copy of such notes as conclusive both of what the evidence was and as to what exceptions were taken, and as to what rulings were made. This gave neither the appellee nor the judge any opportunity to scrutinize their correctness. Of course, if such notes were conclusive as to the evidence, they should be equally so as to what exceptions were taken and rulings made, and all other matters occurring in the progress of the trial. This would simply depose the judge and place the stenographer in his place for all the purposes of an appeal. All the care taken to secure men of high integrity and impartiality to discharge the functions of the important office of judge of the Superior Court, and the retention of the rotating system to prevent unintentional bias by his knowing too intimately parties and causes, become of secondary importance if a stenographer, appointed by the clerk of the court, and not the judge elected by the people of the State is to decide what were the exceptions, rulings, evidence and other incidents of a trial. Now, as always, these matters must be settled by the judge, when counsel disagree. The stenographer's notes will be a valuable aid to refresh his memory. But the stenographer does not displace the judge in any of his functions.

Now that stenographers are coming into more general use, it is timely that this court should again repeat what it has heretofore said (*Durham v. Railroad,* 108 N. C., 399; *Mining Co. v. Smelting Co.,* 119 N. C., 415; *Hancock v. Railroad,* 124 N. C., 228), that such notes should not be "dumped" into the "case on appeal." Whether a part or all the evidence is to come up, it should not be sent up in the form of question and answer (except when on some point it is material), but the appellant should prepare, as the statute requires "a concise statement." The evidence should be stated in a narrative form. If the evidence as stated by the

appellant does not suit the appellee, he can amend it, and the judge can then settle it, giving of course in the parts necessary to point an exception, as nearly the literal words used as possible, as he may recall them, refreshed by the aid of the stenographic notes. In every trial, of any length, a very large part of the evidence is incidental and throws no possible light upon the matters to be reviewed and should not be sent up in the "case on appeal."

The increasing disposition, which is fostered by the use of stenographers, to "dump" into the "case on appeal" all the evidence, however useless, in reviewing the exceptions taken, is an abuse which must be guarded against by the courts and by counsel to prevent the growing and needless expense of appeals, which must work hardship and oppression to many suitors. See Rule 22, 128 N. C., 640, and the decisions under that rule, Clark's Code (3 Ed.), p. 918.

The appellant, by sending up the stenographer's notes, instead of settling a "case on appeal" in the mode required by the statute (Code, sec. 550), has failed to present his intended ground for review, i. e., that the judge refused to nonsuit the plaintiff upon the evidence, and an exception to the evidence. This misconception of counsel as to the requirements of the law in making up the "'case on appeal" does not entitle the appellant to a *certiorari,* as we have already held at this term in *Barber v. Justice.* The motion for *certiorari* must therefore be denied, but we will say, however, that having carefully looked through the record we find no ground either for a motion to nonsuit or for the exception to evidence, had they been properly presented.

Affirmed.