G. H. WINSLOW v. NORFOLK HARDWOOD COMPANY.

(Filed 1 April, 1908).

1. Issues—Burden of the Issue.

The burden of the issue, in the sense of ultimately proving or establishing it, does not shift from the party upon whom it originally rested.

2. Burden of Proof.

In accordance with whether the party upon whom is the burden of issue has made a *prima facie* case, or of other pertinent conditions of the evidence, the burden of proof may shift from one party to another, or back again; but when the burden of proof shifts from the party originally bearing it, it is not required of the other party to disprove by the preponderance of the evidence.

3. Same—Instructions.

When the plaintiff has made out a *prima facie* case the burden of proof shifts to the defendant, and the jury should be instructed that, given due weight to the presumption which carries the issue to the jury, the plaintiff must in the end prove his case upon that issue by the greater weight of the whole evidence, his own and that of defendant, when the latter has introduced any.

CLARK, C. J., and HOKE, J., dissenting, *arguendo*.

ACTION tried before *O. H. Allen, J.,* and a jury, at Fall Term, 1907, of PERQUIMANS.

Defendant appealed.   The facts are stated in the opinion.

*Charles Whedbee* and *C. E. Thomson* for plaintiff.
*Pruden & Pruden* and *Shepherd & Shepherd* for defendant.

WALKER, J.   The plaintiff, who was an employee of the defendant and rightfully on one of the trains operated by it, was injured by a derailment of the train.   The court charged the jury, with reference to the effect of the derailment as evidence of negligence, in the following words:

"1. When it is shown that a derailment has occurred on such a road and that injury was caused by such derailment, the law presumes the derailment to have resulted from the negligence of the defendant, and the burden shifts to the defendant to show that it did not so occur, and the defendant may rely upon the plaintiff's evidence, or upon a failure of evidence, to remove this presumption.

"2. If it appears from the evidence that the track was in good condition and the speed not excessive, considering the kind of road this was, and the evidence of this preponderates and overcomes the presumption raised by the fact of derailment, and that the derailment was the result of negligence, the jury will answer the first issue 'No'; otherwise, 'Yes.' "

The defendant excepted to each of these instructions.

We think the court placed too great a burden upon the defendant, and the charge seems to be in conflict with several decisions of this Court.

The burden of the issue does not shift, but the burden of proof may shift from one party to the other, depending upon the state of the evidence.   When the plaintiff introduces testimony in a case of this kind to the effect that the injury to him was caused by the derailment of a train, it is sufficient to carry the case to the jury; but the burden of the issue remains with the plaintiff, though the burden of proof may shift to

the defendant in the sense that, if he fails to explain the derailment by proof in the case, either his own or that of the plaintiff, he takes the chance of an adverse verdict, for then the jury may properly conclude that the plaintiff has established the affirmation of the issue as to negligence by the greater weight of the testimony. But the defendant is not required to overcome the case of the plaintiff by a preponderance of the evidence. In 1 Elliott on Evidence, 139, the rule is thus stated: "The burden of the issue—that is, the burden of proof in the sense of ultimately proving or establishing the issue or case of the party upon whom such burden rests, as distinguished from the burden or duty of going forward and producing evidence—never shifts, but the burden or duty of proceeding or going forward often does shift from one party to the other, and sometimes back again. Thus, when the actor has gone forward and made a *prima facie* case, the other party is compelled in turn to go forward or lose his case, and in this sense the burden shifts to him. So the burden of going forward may, as to some particular matter, shift again to the first party in response to the call of a *prima facie* case or presumption in favor of the second party. But the party who has not the burden of the issue is not bound to disprove the actor's case by a preponderance of the evidence, for the actor must fail if upon the whole evidence he does not have a preponderance, no matter whether it is because the weight of evidence is with the other party or because the scales are equally balanced." The question has been so recently and so fully considered by us that much further discussion would be useless. *Board of Education v. Makely,* 139 N. C., 31; *Overcash v. Electric Co.,* 144 N. C., 572; *Shepard v. Telegraph Co.,* 143 N. C., 244; *Ross v. Cotton Mills,* 140 N. C., 115; *Stewart v. Carpet Co.,* 138 N. C., 60; *Womble v. Grocery Co.,* 135 N. C., 474; *Stanford v. Grocery Co.,* 143 N. C., 419; *Furniture Co. v. Express Co.,* 144 N. C., 644.

If the plaintiff proves a fact which raises a *prima facie* or

presumptive case of negligence or which entitles him to have the issue submitted to the jury, the burden of proof may shift to the defendant, but he is not required to make the evidence preponderate in his favor. *Shepard v. Telegraph Co., supra.* He may introduce evidence himself or rely upon that of the plaintiff to defeat the plaintiff's recovery, but the jury must be instructed that, giving due weight to the *prima facie* case or the presumption or to the fact proved by the plaintiff which carries the issues to the jury for their determination, the plaintiff must in the end establish the issue in his own favor by the greater weight of the testimony; and for this reason it is said that the burden of the issue is always upon him. It is erroneous to require the defendant to overcome by a preponderance of the evidence the case made by the plaintiff, even though the latter may be entitled by reason of the proof he has offered to have the issues submitted to the jury with proper instructions from the court.

New Trial.

CLARK, C. J., dissenting: Where an injury occurs and nothing else is shown, this Court has adopted the rule as to *res ipsa loquitur* that this is evidence of negligence and does not raise a presumption of negligence. But when the manner of the injury is in proof and it is shown that it was caused by a derailment or collision, this raises a presumption of negligence, and the burden is properly thrown upon the defendant to disprove it. Our authorities are uniform as to this, and there is no cause shown for overruling them.

In *Marcom v. Railroad,* 126 N. C., 204 (derailment), the Court said: "The burden of proving such a failure of legal duty rests upon the plaintiff, but when that fact is proven or admitted the burden of proving all such facts as are relied on by the defendant to excuse its failure rests upon the defendant."

In *Wright v. Railroad,* 127 N. C., 229 (derailment), this Court said: "While the mere fact that one has been injured

while in a public conveyance does not raise a presumption of negligence in the carrier, it is otherwise when the injury results from something over which the carrier has control. Shear. & Red. Neg. (5th Ed.), sec. 59. Accordingly, when there is a collision or a derailment, and in similar cases, there is a *presumption of negligence.* 2 Shear. & Red. Neg., sec. 516, and numerous cases cited." Then the Court proceeded to quote with approval the following paragraph from *Marcom v. Railroad, supra:* "Where the derailment of the engine resulted in the death of the intestate, a fireman in the employ of the defendant company, a *prima facie* case of negligence is to be inferred, and the burden is thrown upon the defendant to disprove negligence on its part."

In *Stewart v. Railroad,* 137 N. C., 689, it is said: "This case, arising out of a collision, is one of those in which the law raises a presumption of negligence on the part of the carrier. *Wright v. Railroad,* 127 N. C., 229; *Marcom v. Railroad,* 126 N. C., 200; *Kinney v. Railroad,* 122 N. C., 961; *Grant v. Railroad,* 108 N. C., 470; S. & R. Neg., sec. 516, and cases cited."

In *Hemphill v. Lumber Co.,* 141 N. C., 488, a unanimous Court again said: "Where there is a collision or derailment, and in like cases, the presumption of negligence arises," citing above cases.

In a very recent case (*Overcash v. Electric Co.,* 144 N. C., 572) *Mr. Justice Connor,* for a unanimous Court, said: "This Court has uniformly held—and in that respect it is in harmony with other courts and approved text writers—that a derailment of a railway train raises a presumption or makes a *prima facie* case of negligence—that is, a presumption that there is a defective construction or condition of the car or track or the mode of operation," citing *Marcom v. Railroad,* 126 N. C., 200; *Wright v. Railroad,* 127 N. C., 229; *Stewart v. Railroad,* 137 N. C., 687; *same case,* 141 N. C., 266, and *Haynes v. Railroad,* 143 N. C., 154, adding: "This may be

regarded as settled." Among other cases to same effect, *Hemphill v. Lumber Co.,* 141 N. C., 488; *Wilkie v. Railroad,* 127 N. C., 210; *Grant v. Railroad,* 108 N. C., 471.

There is a wide distinction between *res ipsa loquitur,* which is merely evidence of negligence, and which arises from the mere fact of injury sustained, without showing the cause, and proof that it was caused by a derailment or collision, which is so unusual a cause, so dangerous in the natural results and which can scarcely ever possibly occur without negligence. In such cases our authorities, as above shown, raise a "presumption of negligence, the burden of disproving which is upon the defendant."

This rule is a matter of settled public policy and should not be changed, if at all, except by the superior power of legislative enactment, which is exceedingly improbable. Indeed, it is far more probable that the Legislature would re-enact the rule we have hitherto held. There are good and sound reasons why common carriers should not be relieved of this duty, recognized as a "settled rule," that they must disprove the presumption of negligence arising from a collision or derailment. Accidents from such cause can rarely, if ever, happen without grave negligence. If there should be facts in any case to disprove such presumption of negligence, evidence thereof is easily accessible to the common carrier. It would be difficult in behalf of the deceased or dismembered victim to prove negligence as an independent fact. He knows nothing of the surroundings. He may never have been at the spot before. When he has shown that the injury was caused by a derailment or collision he has usually done all that he can do. The burden of disproving the presumption of negligence arising from a collision or derailment should remain upon the carrier, as it has always been heretofore held. With the officially ascertained fact that over 100,000 persons were wounded and more than 10,000 killed by the railroads of the United States last year, and that the ratio of killed and

wounded in proportion to the number of passengers and em-
ployees is twenty times greater in this country than on the
railways of Europe, the demands of justice are for the exac-
tion of stricter requirements for the prevention of such terri-
ble consequences of negligence, and not for the lessening of
the safeguards heretofore exacted in fixing liability for inju-
ries sustained, when they have occurred in a collision or de-
railment.

The charge of the court that, the injury having been caused
by a derailment, a presumption of negligence arises and the
burden is upon the defendant to disprove such presumption,
is in accord with the repeated and uniform decisions of this
Court, above cited, applicable to such state of facts.

HOKE, J., dissenting: While it is true that several of our
more recent decisions have approved the doctrine that the pre-
sumption arising on the facts of this case and others of like
kind does not change the burden of the issue, but only the
burden of proof, requiring that the Judge shall direct the
jury to consider the evidence as affected by the presumption,
it is also true that very frequently on the facts presented
the two burdens are very nearly the same, the line of de-
marcation between them being very difficult to draw and at
times well-nigh impossible for the trial Judge to state with
clearness. Although the distinction referred to is recognized
by the best writers, and I have now no disposition to ques-
tion it, in many cases and in practical application it par-
takes somewhat of refinement; and unless it plainly appears
that the trial Judge has placed too great a burden on the
defendant and has in express terms or by clear intendment
changed. the burden of the issue, I do not think that reversi-
ble error should be readily imputed.

In the present case, as I understand the charge, the court
nowhere tells the jury in terms that the burden of the issue
is changed; on the contrary, I think it sufficiently appears
that he speaks throughout as to the burden of proof, and in

effect and by fair intendment he tells the jury that on the facts, if established, there was a presumption of negligence arising against the defendant, and directs them to consider the testimony as affected by that presumption.   To my mind the charge is in substantial compliance with the rule we have adopted, and I am of opinion that no reversible error appears in the record.