E. N. DUVALL v. RECEIVERS SEABOARD AIR LINE RAILWAY.

(Filed 4 May, 1910.)

1. Railroad — Baggageman — Scope of Employment — Master and Servant.

The mere fact that plaintiff, a baggageman employed on defendant's train, received the injury complained of caused by a head-on collision, when he had stepped into the express car from the baggage car, does not affect his employment at the time, or the responsibility of the defendant.

2. Railroads—Negligence Presumed—Head-on Collision.

A presumption of defendant railroad company's negligence is raised from the fact that the injury complained of was received by an employee as baggageman in a head-on collision.

APPEAL from *Lyon, J.,* at January Term, 1910, of MOORE. The facts are sufficiently stated in the opinion of the Court.

*H. F. Seawell* and *Douglass & Lyon* for plaintiff.
*Walter H. Neal, U. L. Spence* and *Burwell & Cansler* for defendant.

CLARK, C. J. The plaintiff was baggagemaster and flagman on the defendant's road. This action was brought for personal injuries sustained by him in a head-on collision near Sanford on a through train, going south. The exceptions are numerous, but the real points in the controversy lie within a small compass. The defendant contends that under the Federal Employers' Liability Act the plaintiff is not entitled to recover, for three reasons: 1. That at the time of the injury the plaintiff was not an employee of the defendant. 2. That he was not injured while engaged in interstate commerce. 3. That he was not injured as the result of the defendant's negligence.

The uncontroverted facts are that the plaintiff was baggagemaster and flagman, and was so employed at the time of the injury; he carried local baggage in the baggage car and through baggage in the express car; at the time of the accident the train was nearing Sanford, going south, at which point this through train stopped and where through baggage might be taken on; the plaintiff stepped from the baggage car into the express car, and soon thereafter the collision occurred in which he was seriously injured.

The defendant contends that by going from the baggage car to the express car the plaintiff ceased to be an employee, and was not engaged in the scope of his employment. But the fact is that his duties called him to the express car as well as to the

baggage car, and even if it had not, the fact that the baggage-man stepped into the adjoining express car for a moment would not have terminated his employment or put him out of the scope of his duties. There is no evidence that being in the express car in anywise enhanced his risk or contributed to his injuries. In fact, the probabilities are that had he remained in the baggage car he would have been more seriously injured or possibly killed by the trunks falling upon him. The evidence is that the baggage car was more seriously damaged than the express car. The plaintiff's going into the express car was not an unlawful act, and under the circumstances could not have affected his employment or the responsibility of the company. Besides, his duty lay in the express car as well as in the baggage car, for in the former the through baggage, which was part of his charge, was carried, and though there was none at that time, he might prepare to receive such at Sanford. As to negligence, the head-on collision raised a presumption of negligence (*Marcom v. R. R.*, 126 N. C., 200, and cited cases in the Annotated Ed.), and the issue of the negligence was found by the jury.

After full consideration of all the exceptions we have been unable to find any error prejudicial to the defendant.