SARAH SKIPPER, Administratrix, v. KINGSDALE LUMBER COMPANY and CHARLESTON RAILROAD COMPANY.

(Filed 27 March, 1912.)

1. **Appeal and Error—Concise Statement—Stenographer's Notes—Practice.**

    When the appellant has set out in the case on appeal the transcribed stenographer's notes of the trial, he fails to prepare "a concise statement of the case as required by the Revisal, 591," and his appeal will be dismissed under Rule 22 of the Supreme Court, when upon examination no error is found in the record proper.

2. **Same—Nonsuit—Suit in Forma Pauperis.**

    When an appeal is taken by defendant from an overruling of its motion to nonsuit upon the evidence, the evidence should be sent up in a narrative form, and the requirement that all the evidence should be sent up on appeals of this character, though the action is *in forma pauperis,* does not excuse the appellant in sending up the transcribed stenographer's notes in a voluminous record. The object of an opinion by the Supreme Court discussed by Clark, C. J.

3. **Master and Servant—Collision—Presumptions—Evidence—Negligence.**

    When it is shown that an employee of a railroad company was killed in a collision on defendant's road while engaged in the performance of his duties, a presumption of negligence is raised, and a nonsuit upon the evidence should not be granted.

APPEAL by defendant from *Carter, J.,* at December Term, 1911, of ROBESON.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*Thomas L. Johnson and H. F. Seawell for plaintiff.* ·

*Rountree & Carr, R. C. Lawrence, and McLean, Varser & McLean for defendants.*

CLARK, C. J. The plaintiff moves to dismiss because the case on appeal has not been settled in the manner required by Revisal, 591, which requires that the appellant "shall cause to be prepared a *concise* statement of the case on appeal." Instead of that, the entire evidence from the stenographer's notes, covering 157 printed pages, has been dumped into the record in the form of question and answer, though this has been condemned in repeated decisions of this Court. *Cressler v. Asheville,* 138 N. C., 486, and numerous other cases. In *Bucken v. R. R.,* 157 N. C., 443, *Brown, J.,* said: "At the end of the stenographer's notes is this entry: 'It is agreed that the record proper and stenographer's notes shall constitute the case on appeal.' There is no other attempt to make out a case on appeal, as required by law. This is in direct violation of the rule of this Court (No. 22) and of its express decision in *Cressler v. Asheville,* 138 N. C., 483. That such of the evidence as is necessary to present the assignment of errors could easily have been stated in condensed narrative form is manifested by the fact that the counsel for plaintiff and defendants have set out in their respective briefs very clear and brief statements of the evidence, which substantially agree. Under the circumstances of the case, we will make an exception and not dismiss the appeal, but we will be compelled to do so in future, unless our rule is observed."

The defendant seeks to excuse itself upon the ground:

1. That this being a nonsuit, it was necessary to set out all the evidence. Even if it were so, that would not excuse setting out the evidence in form of question and answer. Besides the intestate of the plaintiff having been killed in a derailment, a *prima facie* case of negligence was made out and a nonsuit could not have been ordered. *Wright v. R. R.,* 127 N. C., 229; *Mar-*

*com v. R. R.,* 126 N. C., 200; *Kinney v. R. R.,* 122 N. C., 961; *Grant v. R. R.,* 108 N. C., 470; *Bird v. Leather Co.,* 143 N. C., 284.

2. The defendant contends that as the plaintiff sues *in forma pauperis,* the costs of the extra record and printing could in no event be taxed against the plaintiff. But this does not excuse the nonobservance of the rules of the Court, nor justify dumping an unnecessary volume of matter upon the Court and the opposite counsel for examination.

In accordance with what was laid down in *Bucken v. R. R., supra,* we must dismiss the appeal, or, rather, affirm the judgment, there being no error on the face of the record proper; but, nevertheless, at the request of counsel for defendant, we have carefully examined the entire record and the assignments of error.

There were seventy-seven exceptions taken, which in the assignments of error are reduced to fifty-two and in the defendant's brief are still further reduced to twenty-one. Forty-seven of the exceptions were to the admission of evidence, some of which are based upon objections entered by plaintiff and not by defendant. We do not find that any of them require discussion. The exceptions for failure to nonsuit and to set aside the verdict were properly abandoned. The six exceptions for refusal of the court to instruct the jury as requested by defendant cannot be sustained. *McNeill v. R. R.,* 130 N. C., 256. If granted, they would have required of the plaintiff an unusual and highly technical proof of the negligence of the defendant. The eighteen exceptions to the charge of the court are also without merit.

The object of an opinion is to lay down a rule for the guidance of trial judges and of counsel in other cases. There can be no benefit in cumbering our reports with the discussion of exceptions in matters that are plain or that have already been repeatedly passed upon by the Court. Such exceptions bear testimony to the earnestness and zeal of counsel, but when we find, upon careful examination, that the discussion of the assignments of error set out in the record would present no new principle nor a new application of an old one, but will be merely a

recognition of what has already been often decided, we feel that it is our duty to refrain. Counsel have done all in this case that their well-known ability could accomplish for their client. The intestate of the plaintiff was killed in a derailment which, if the evidence was believed, was caused by a loose chain on a car which caught an obstruction as the train was in rapid motion, pulling out a sway-bar, which threw the car from the track, causing the wreck in which the defendant was instantly killed. There was no other theory advanced in the pleadings or on the trial, and the investigation, aside from well-settled principles of the law, presented only issues of fact, which the jury have determined.

Affirmed.