JUNIE BREWER v. MINEOLA MANUFACTURING COMPANY.

(Filed 7 November, 1912.)

**Appeal and Error—Case on Appeal—Unsigned Entries of Record— Stenographer's Notes — Concise Statement — Interpretation of Statutes.**

When the stenographer's full notes of the evidence taken on the trial of a case on appeal are transcribed in the record, immediately followed by an unsigned entry, repudiated by appellee's counsel, that "the record, stenographer's notes, the judgment, and the exception to the nonsuit shall constitute the case

on appeal to the Supreme Court," the case on appeal is not properly constituted in this Court, and, on motion of appellee's counsel, will be dismissed and the judgment below affirmed. The attention of the profession is again directed to the line of cases holding that a full transcript of the stenographer's notes of the evidence is not in conformity with the requirements of Revisal, sec. 591.

APPEAL by plaintiff from *Whedbee, J.,* at August Term, 1912, of GUILFORD.

Civil action. From a judgment of nonsuit the plaintiff appeals.

The facts are sufficiently stated in the *per curiam* opinion.

*John A. Barringer, Adams & McLean for plaintiff.*
*F. P. Hobgood, Jr., for defendant.*

PER CURIAM. Defendant's attorney moves in this Court to dismiss the appeal and affirm the judgment for the absence of a properly constituted case on appeal.

The stenographer's full notes of the trial in the Superior Court are copied in the record. Immediately following them we find the following entry: "The record, stenographer's notes, the judgment and the exception to the nonsuit shall constitute the case on appeal to the Supreme Court."

This is not signed by either the presiding judge or by the counsel for the plaintiff or defendant. It is repudiated by the counsel for the defendant in this Court, who moves to affirm the judgment for lack of a case on appeal. The motion must be allowed.

There appears to have been no attempt to make out a case on appeal in conformity with the statute. That offered as a case on appeal is neither signed by the judge nor by the counsel.

In this connection we again call the attention of the profession to what has been said on the subject of "Cases on Appeal" in *Cressler v. Asheville,* 138 N. C., 483; *Bucken v. R. R.,* 157 N. C., 444; and in *Skipper v. Lumber Co.,* 158 N. C., 322.

In the latter case it is held that: "When the appellant has set out in the case on appeal the transcribed stenographer's notes, he fails to prepare a concise statement of the case as

required by Revisal, 591, and his appeal will be dismissed under Rule 22 of the Supreme Court when upon examination no error is found in the record proper."

Appeal dismissed and judgment affirmed.