## J. H. WALLACE v. TALLAHASSEE POWER AND LIGHT COMPANY.

(Filed 4 December, 1918.)

1. **Master and Servant—Employer and Employee—Negligence—Evidence— Questions for Jury—Nonsuit—Trials—Railroads.**

In an action by an employee to recover damages for the alleged negligence of his employer, for an injury received from the derailment of a gasoline car, termed a "speeder," by reason of its defect, while being operated by the defendant at the time in question to carry the plaintiff and other employees to work, there was testimony of defendant's witness tending to show that the car had been worked on a day or two before the

injury, because of a defect in the wheel next to the flange; that there was a rough noise while the car was running, caused by the welding made to remedy the defect, until worn smooth; that the axle of the car was crooked just after the injury, and, upon cross-examination, he was uncertain or indefinite as to the condition of the axle at or before the time it occurred: *Held*, apart from the presumption of a negligent defect in the wheel at the time of the injury, the evidence was sufficient to be submitted to the jury upon the issue of defendant's actionable negligence.

2. **Master and Servant—Employer and Employee—Negligence—Assumption of Risks.**

An employee does not assume the risks attributable alone to his employer's own negligent breach of the duty he owes to him, or where the injury complained of has not arisen from conditions of an enduring kind, or under circumstances that have afforded him a fair opportunity to have known of these conditions and enabled him to have appreciated the risks and dangers to which he was thereby exposed.

3. **Master and Servant—Employer and Employee—Evidence—Contributory Negligence—Trials.**

Where the evidence tends to show that an employee, the plaintiff in the action, was thrown to his injury by a derailment of defendant's gasoline car, or "speeder," under circumstances sufficient to establish the defendant's actionable negligence therein, by reason of a defect in the car or in the wheel near the flange, a suggestion that the plaintiff may have safely jumped from the car as it bumped along the track after the derailment, and that therefore his contributory negligence in not having done so barred his recovery, is untenable.

4. **Master and Servant—Employer and Employee—Railroads—Gasoline Car "Speeder" — Standard Track—Derailment—Negligence—Presumption— Burden of Proof—Instructions.**

Where the employer operates a gasoline or "speeder" car over its standard-gauge railroad track, for the purpose of carrying its employees to their work, the rule of liability as to its negligent acts causing injury to one of them, by a derailment of the car, is the same as applicable to roads regularly operated for railroad purposes; and an instruction that if the fact of derailment should be found by the jury, upon the evidence, the burden shifted to the defendant, and that it was required to show from the facts in evidence that the derailment and resultant injury was not due to negligence on its part, is a correct one, when giving the defendant the benefit of its position that the presumption was a rebuttable one.

ACTION, tried before *Webb, J.,* and a jury, at April Term, 1918, of CABARRUS.

The action was to recover damages for an injury arising from an alleged negligent derailment of a gasoline car, termed a speeder, operated at the time on defendant's road at Baden, N. C., and by which an employee of defendant, being carried to his work, was thrown forward on the track and run over and received painful, serious, and permanent physical injury.

On denial of liability by defendant and pleas of contributory negligence and assumption of risk, the jury rendered a verdict for plaintiff: that he was injured by reason of defendant's negligence as alleged; that plaintiff, by his own negligence, did not contribute to the injury, and assessing damages.

Judgment on the verdict and defendant excepted and appealed.

*Maness & Armfield for plaintiff.*
*R. L. Smith for defendant.*

HOKE, J. We have carefully considered the record and find no reason for disturbing the results of the trial. It is objected, first, that there is no evidence of negligence, as charged in the complaint, to wit, a derailment by reason of a defective car (1) in that it had an insufficient flange on the left hind wheel, or that same was broken and almost loose from the wheel; (2) that the hind axle was crooked. But apart from the presumption of defects arising by reason of the derailment, there are facts in evidence from the testimony of defendant's own witness, J. D. Coggins, who was operating the car at the time, permitting the inference that the car was defective in both particulars. Thus, in reference to the wheel, "The way *we were running,* the speeder was in good shape. The flange of the left hind wheel was not broken, but was worn some. A day or two before that I had it in the shop and we had it welded." . . . And on the cross-examination: "We had been working on that flange a few days before, it might have been the day before. We were working on it because there was a small defect in the wheel. The defect was about an inch or an inch and a half. It was on the wheel next to the flange. We undertook to weld some metal there. When we took it out on the track it did not make a bumping noise—just the rough noise of it. When the wheel would turn over you could hear it hit that spot, but it soon wore off." And in reference to the crooked axle, this same witness said he looked at the axle at the time of the occurrence and just after, and it was crooked; but he said that it was straight before the accident, but his cross-examination shows that the witness was not in a position to speak definitely about this, and it is the more probable and assuredly the permissible inference that the axle was crooked prior to the derailment.

It is further insisted that the court, as requested by defendant, should have submitted an issue as to "assumption of risk on the part of plaintiff," but the objection is without merit. It is held in this State that the doctrine of assumption of risk, even in cases where the same is applicable, does not extend to and include those risks and damages incident to the employer's negligence.

In the recent case of *Howard v. Wright,* 173 N. C., 339, the position as it obtains here is stated as follows: "The defense of assumption of risk is one growing out of the contract of employment and extends only to the ordinary risks naturally and usually incident to the work that the employee has undertaken to perform, and does not include risks and dangers incident to a failure on the part of the employer to perform his own nondelegable duties," the opinion citing in approval *Yarborough v. Geer,* 171 N. C., 335; *Norris v. Holt Morgan Mills,* 154 N. C., 474-485; *Pressly v. Yarn Mills,* 138 N. C., 410; *Hicks v. Mfg. Co.,* 138 N. C., 319-327.

Even in those jurisdictions where a different concept of assumption of risk prevails, as exemplified in the decisions of the Federal courts construing the Employers' Liability Act, it is held that the position does not obtain in cases attributable to the employer's own negligent breach of duty unless the conditions thereby created are of an enduring kind or under circumstances that afford to the injured employee a fair opportunity to know of these conditions and appreciate the risks and dangers which they present. *Gila Valley Ry. v. Hall,* 232 U. S., 94; *Jones v. R. R.,* present term; *King v. R. R.,* present term.

In any aspect of the matter, there is no evidence whatever which shows or tends to show that plaintiff knew anything about the defects of the car or that he had any opportunity to appreciate the dangers to which he was being subjected when he was being carried to his work. Nor is there any evidence of contributory negligence except a suggestion, hardly borne out by the testimony, that plaintiff may have jumped from the car as it bumped along the track after the derailment. If he did this in the reasonable effort to save himself, there is nothing in the record to justify the position that it should be imputed to him for a negligent default. *Norris v. R. R.,* 152 N. C., 505.

Defendant excepts to portions of the charge, in which the court, in effect, instructed the jury that if a derailment was established, and that same was the proximate cause of plaintiff's injuries, that the burden of proof shifted to defendant and it was required to show from the facts in evidence that such derailment and resultant injury was not due to negligence on their part.

It has been decided that this, "a standard gauge" railroad truck owned by defendant and over which it was accustomed to haul material in its large manufacturing plant and operated a gasoline car or speeder for the purpose of carrying its employees to and from their work is subject to the rules which obtain in the case of regular railroads. *Goodman v. Power Co.,* 174 N. C., 661. And in such causes the rule of proof as given by his Honor has been repeatedly approved in our decisions and prevails both as to passengers and employees on the cars in

the line of duty, and whether these last are engaged in operating the trains or not. *Mumpower v. R. R.,* 174 N. C., 742; *Skipper v. Lumber Co.,* 158 N. C., 322; *Worley v. R. R.,* 157 N. C., 490; *Hemphill v. Lumber Co.,* 141 N. C., 487; *Tanner v. Lumber Co.,* 140 N. C., 475; *McNeil v. R. R.,* 130 N. C., 256; *Wright v. R. R.,* 127 N. C., 225; *Marcom v. R. R.,* 126 N. C., 200.

The charge of his Honor gave the defendant the full benefit of the position that this was a rebuttable presumption, and the further criticism that the entire facts showed that this was an excusable accident, and that the court should have so held is not borne out by the record. In our view, as heretofore stated, not only was their testimony in support of it, but there was ample evidence to carry the case to the jury without regard to the presumption.

We find no error in the proceedings below, and the judgment must be affirmed.

No error.