### H. H. CASEY v. EAST CAROLINA RAILWAY.

(Filed 5 March, 1930.)

1. **Appeal and Error E c—Where appellant has failed to make a concise statement of the evidence required by rules, appeal will be dismissed.**

   Where the appellant has failed to make a concise statement of the evidence according to the Rules of Practice in the Supreme Court, but gives the entire evidence in the form of questions to and answers of the witnesses, taken from the stenographer's notes, the appeal will be dismissed and the judgment affirmed upon motion of the appellee.

2. **Appeal and Error J e—Where delay in filing bill of particulars has not prejudiced appellant it will not be held for reversible error.**

   A delay of a few days beyond the time ordered to file a bill of particulars will not justify the finding of reversible error on appeal when the bill has been filed for a sufficient time before the trial to make the delay unprejudicial or harmless.

APPEAL by defendant from *Lyon, Emergency Judge,* at October Special Term, 1929, of GREENE.

Civil action to recover damages for alleged breach of contract and for the value of certain crossties delivered under the contract.

Upon denial of liability and issues joined, both on plaintiff's cause of action and the defendant's counterclaim, there was a verdict and judgment for plaintiff, from which the defendant appeals, assigning errors.

*F. E. Wallace, J. Paul Frizzelle and P. R. Hines for plaintiff.*
*John Hill Paylor and L. V. Morrill for defendant.*

STACY, C. J. The principal exceptions, upon which the defendant relies, are, first, the refusal of the court to dismiss the action for failure of plaintiff to file a bill of particulars within the time specified, and, second, for refusal to order a compulsory reference on motion of the defendant. Neither assignment of error, based on these exceptions, can be sustained. While the plaintiff was a few days late in filing his bill

of particulars, nevertheless it appears that same was filed 21 February, 1929, and the case was not tried until the October Special Term thereafter, nearly eight months after the date of filing. No harm came to the defendant from this delay.

Nor was there error in overruling the defendant's motion for a compulsory reference. C. S., 573.

But for another reason the judgment must be affirmed and the appeal dismissed. There appears to have been no attempt to make out a concise statement of the case on appeal as required by the rules. The entire evidence is in the form of questions and answers, transcribed from the stenographer's notes, and the appellee has lodged a motion to dismiss the appeal under authority of *Brewer v. Mfg. Co.,* 161 N. C., 211, 76 S. E., 237; *Skipper v. Lumber Co.,* 158 N. C., 322, 74 S. E., 342; *Bucken v. R. R.,* 157 N. C., 443, 73 S. E., 137; *Cressler v. Asheville,* 138 N. C., 482, 51 S. E., 53. The motion must be allowed.

Affirmed and dismissed.