WILLIE M. ANDERSON, PLAINTIFF, v. WRAY PLUMBING & HEATING COMPANY, INC., EMPLOYER; AND IOWA NATIONAL MUTUAL INSURANCE COMPANY, CARRIER, DEFENDANTS.

(Filed 12 June, 1953.)

**1. Master and Servant § 55c—**

On appeal to the Superior Court from the Industrial Commission, a certified transcript of the record before the commission must be filed in the Superior Court, and thus the transcript of the evidence must be in question and answer form as transcribed from the reporter's notes. G.S. 97-86.

**2. Appeal and Error § 20a—**

On appeal to the Supreme Court, the record must contain the evidence in narrative form, except that a question and answer, or a series of them, may be set out when the subject of a particular exception. Rule of Practice in the Supreme Court No. 19 (4).

**3. Appeal and Error § 31g—**

The rule requiring that the evidence be set out in narrative form in the record on appeal to the Supreme Court is mandatory, and the failure to comply with the rule requires dismissal of the appeal.

**4. Appeal and Error § 6c (1)—**

The Supreme Court will enforce *ex mero motu* the rule requiring that the evidence be set out in the record in narrative form.

**5. Master and Servant § 55c—**

The requirement that the evidence be set out in the record in narrative form applies to an appeal from the Superior Court to the Supreme Court of a case originating before the Industrial Commission.

**6. Master and Servant § 55d—**

The evidence in this case *is held* to support the finding of the Industrial Commission that plaintiff did not sustain an injury by accident within the meaning of the Workmen's Compensation Act, and judgment denying compensation is affirmed.

APPEAL by plaintiff from *Rudisill, J.,* at 2 March, 1953, Civil Term of GUILFORD (Greensboro Division).

Proceeding under Workmen's Compensation Act to determine liability of defendants to plaintiff Willie M. Anderson, employee.

The Full Commission, with one Commissioner dissenting, found and concluded that the plaintiff did not sustain an "injury by accident" within the meaning of that term as used in the Compensation Act. Whereupon compensation was denied.

On appeal to the Superior Court, the decision of the Commission was upheld. The plaintiff excepted and appealed to this Court.

*Tim G. Warner for plaintiff, appellant.*

*Jordan & Wright and Percy C. Henson for defendants, appellees.*

JOHNSON, J.    When an appeal is taken from the Industrial Commission to the Superior Court the statute, G.S. 97-86, requires that a certified transcript of the record before the Commission be filed in the Superior Court. This necessarily carries to the Superior Court a transcript of the evidence in question and answer form as transcribed from the reporter's notes.

However, on appeal from the Superior Court, the procedure must be in accordance with the Rules of Practice in the Supreme Court. 221 N.C. 544 *et seq.* And Rule 19 (4), (p. 556), requires that the evidence "shall be in narrative form, and not by question and answer, except that a question and answer, or a series of them, may be set out when the subject of a particular exception." This Rule further provides that "If the case is settled by agreement of counsel, or the statement of the appellant becomes the case on appeal, and the rule is not complied with, . . . the appeal will be dismissed."

The primary purpose of the Rule is to facilitate the work of this Court and expedite decisions on appeal by freeing the Court of the burden of reading and digesting great masses of evidence in question and answer form, when the essential meaning and content may be preserved, and unnecessary portions eliminated, by narrative statement.

Under the Rule, the process of reducing the testimony to narrative form is made the responsibility of counsel, to be worked out in preparing the case on appeal. This is as it should be, so that if a question be raised

respecting whether the meaning of the original testimony is preserved or varied in the process of narration, the question posed may be resolved by the trial judge in settling the case on appeal, with both sides being afforded an opportunity to be heard. G.S. 1-283. Thus this Court is relieved largely of the responsibility of preserving the testimonial meaning of crucial phases of the evidence in cases like the instant one, where exceptions brought forward challenge the sufficiency of the evidence to support the findings of fact and necessitate, in connection with the written opinion, a narrative statement of the controlling phases of the evidence.

The Rule is mandatory and will be enforced *ex mero motu.* See *Rhoades v. Asheville,* 220 N.C. 443, 17 S.E. 2d 500; *Casey v. Railway,* 198 N.C. 432, 152 S.E. 38; *In re De Febio,* 237 N.C. 269, 74 S.E. 2d 531; *Pruitt v. Wood,* 199 N.C. 788, 156 S.E. 126. It must be applied in cases originating before the Industrial Commission no less than in other cases.

Here the case on appeal was settled by counsel. The record discloses that all the evidence is brought forward in mass in question and answer form. The Rule will be enforced, and it is so ordered.

Nevertheless, an examination of the evidence as brought forward in question and answer form discloses that the findings and conclusions and the decision of the Industrial Commission, as affirmed by the Superior Court, are supported by the record and should be sustained under application of authoritative decisions of this Court.

Accordingly the judgment will be affirmed and the appeal dismissed. (*Casey v. Railway, supra; Cf. Brewer v. Manufacturing Co.,* 161 N.C. 211, 76 S.E. 237.)

Judgment affirmed; appeal dismissed.