W. H. LAUGHINGHOUSE T/A C & L TRACTOR & IMPLEMENT COMPANY v. FARM BUREAU MUTUAL AUTOMOBILE INSURANCE COMPANY.

(Filed 17 March, 1954.)

**1. Appeal and Error §§ 20a, 31g—**

The rule requiring that the evidence be set out in the record in narrative form is mandatory, and failure to comply with the rule limits the appeal to errors presented by the record proper, and in the absence of such error, the appeal will be dismissed. Rules of Practice in the Supreme Court No. 19 (4).

**2. Insurance § 51 ½ —**

Allegations that insurer's agent, at the time of the sale of a car by the dealer, orally agreed with the dealer to issue a collision policy on the vehicle in the name of the purchaser with loss payable clause in favor of the dealer, that thereafter the car was wrecked and that insurer failed to issue the policy as it had agreed to do, resulting in loss to the dealer, *is held* to state a cause of action against insurer for breach of the contract.

APPEAL by defendant from *Burgwyn, Emergency Judge,* September Term, 1953, of HARNETT.

The complaint alleges that, upon the plaintiff's sale of a Frazer automobile to one Andrew Palmer, the defendant, through its authorized agent, W. B. Boles, entered into an oral agreement with the plaintiff to issue a collision insurance policy in the name of Palmer, the purchaser, and attach a loss payable clause in favor of the plaintiff; that a few days after the oral agreement for insurance coverage, Palmer wrecked the car; that the defendant failed to issue the policy as it had agreed to do; and that on account of the defendant's breach of its agreement to issue the policy the plaintiff was damaged in the amount of $452.27. The defendant answered, denying that it entered into the oral agreement alleged in the complaint.

Upon conflicting evidence, trial was conducted on the issues indicated above; and the jury found that the parties entered into the oral contract as alleged, and that the plaintiff suffered loss in the amount of $452.27 on account of the defendant's breach thereof. Judgment on the verdict was signed in the plaintiff's favor. The defendant appealed.

*Young & Taylor for plaintiff, appellee.*
*J. A. McLeod and Max E. McLeod for defendant, appellant.*

PER CURIAM. The defendant assigned as error the denial of its motion for nonsuit at the close of all the evidence. The record discloses that the case on appeal was settled by agreement of counsel. Notwithstanding, the case on appeal sets out the evidence by question and answer and not in

narrative form as required by Rule 19 (4), Rules of Practice in the Supreme Court, 221 N.C. 544 (556). The rule is mandatory. Failure to comply therewith necessitates a dismissal of the appeal. *Pruitt v. Wood,* 199 N.C. 788, 156 S.E. 126; *Rhoades v. Asheville,* 220 N.C. 443, 17 S.E. 2d 500. In such case this Court will consider only errors presented by the record proper. *Cressler v. Asheville,* 138 N.C. 482, 51 S.E. 53; *Hall v. Hall,* 235 N.C. 711, 71 S.E. 2d 471.

In this Court, the defendant, for the first time, demurred *ore tenus* to the complaint on the ground that it does not state facts sufficient to constitute a cause of action. The complaint, liberally construed in favor of the plaintiff, discloses that the allegations are sufficient to state a cause of action against the defendant for damages caused by its breach of an agreement to insure the plaintiff under a loss payable clause to the extent of plaintiff's loss resulting from a collision in which the Frazer automobile was damaged. The demurrer is overruled.

Judgment affirmed and appeal dismissed.