C. E. HUIE, C. C. HUIE, J. R. HUIE, NAOMI H. MULLIS, J. H. HUIE AND MRS. MARIE H. RABIDOU v. D. C. TEMPLETON AND WIFE, OLLIE TEMPLETON.

(Filed 10 April, 1957.)

**1. Appeal and Error § 34—**

The failure of appellant on appeal from judgment of nonsuit to set out the evidence in narrative form in the case on appeal served by him, and becoming the case on appeal, in accordance with Rule of Practice in the Supreme Court No. 19(4), requires dismissal by the Court, even *ex mero motu*, the rule being mandatory.

**2. Easements § 2—**

In this action to establish an easement by implication from plaintiffs' land across defendants' land to a public highway, nonsuit *held* proper under authority of *Bradley v. Bradley,* 245 N.C. 483.

APPEAL by plaintiffs from *Phillips, J.,* at October 1956 Term, of IREDELL.

Civil action to permanently restrain defendants from using roadway across lands of plaintiffs, in which defendants claim easement by implication of law to reach public highway.

Plaintiffs and defendants own adjoining land, and claim title from a common source.

Upon trial in Superior Court, motion of defendants made when plaintiffs rested their case for judgment as of nonsuit was allowed, and plaintiffs appeal therefrom to Supreme Court and assign error.

*Buren Jurney and Adams, Dearman & Winberry for Plaintiffs Appellants.*

*Land, Sowers, Avery & Ward and McLaughlin & Battley for Defendants Appellees.*

WINBORNE, C. J.   At the threshold, Rule 19(4) of Rules of Practice in the Supreme Court, 221 N.C. 544, at 553, pertaining to transcript record of an action brought to this Court, reads in pertinent part as follows: "The evidence in case on appeal shall be in narrative form, and not by question and answer, except that a question and answer, or a series of them, may be set out when the subject of a particular exception.   When this rule is not complied with, if the case is settled by agreement of counsel, or the statement of the appellant becomes the case on appeal, and the rule is not complied with, or the appeal is from a judgment of nonsuit, the appeal will be dismissed . . ." This rule is mandatory, and may not be waived by the parties.   The requirement of the rule will be enforced *ex mero motu.*   The rule has been called

repeatedly to the attention of the legal profession in this State.   See among other cases, *Bank v. Fries,* 162 N.C. 516, 77 S.E. 678; *Pruitt v. Wood,* 199 N.C. 788, 156 S.E. 126; *In re DeFebio,* 237 N.C. 269, 74 S.E. 2d 531; *Anderson v. Heating Co.,* 238 N.C. 138, 76 S.E. 2d 458; *S. v. Powell,* 238 N.C. 550, 78 S.E. 2d 343; *Laughinghouse v. Ins. Co.,* 239 N.C. 678, 80 S.E. 2d 457; *S. v. McNeill,* 239 N.C. 679, 80 S.E. 2d 680; *Whiteside v. Purina Co.,* 242 N.C. 591, 89 S.E. 2d 159.

In the instant case the transcript of case on appeal discloses that the case on appeal as served by appellants became the case on appeal, and the transcript of evidence therein (33 pages), other than pleadings offered, is mainly in question and answer form, and the appeal is from a judgment of nonsuit.   In such situation under the Rule the appeal will be dismissed.

Nevertheless the record has been read from cover to cover and considered, as have the briefs of the parties, and the ruling of the trial judge in granting the nonsuit appears to be accordant with settled principles of law pertaining to easement by implication of law as enunciated in decisions of this Court, among which are these: *Ferrell v. Trust Co.,* 221 N.C. 432, 20 S.E. 2d 329; *Spruill v. Nixon,* 238 N.C. 523, 78 S.E. 2d 323; *Barwick v. Rouse,* 245 N.C. 391, 95 S.E. 2d 869; *Bradley v. Bradley,* 245 N.C. 483, 96 S.E. 2d 417, applied to plaintiffs' evidence offered in the trial below.

The judgment below is affirmed, and the appeal dismissed.

Judgment affirmed.

Appeal dismissed.