STANDARD AMUSEMENT COMPANY, INC. (PLAINTIFF) v. R. O. TARK-
INGTON AND WIFE, MARY MARSH TARKINGTON (DEFENDANTS), AND
WAYNE THEATRES INC., MAX ZAGER AND MAX ZAGER ENTER-
PRISES (ADDITIONAL DEFENDANTS).

(Filed 16 December, 1959.)

1. **Appeal and Error § 34—**

Where the evidence is set out in the record in question and answer
form and not in narrative form as required by Rule 19 (4), Rules of
Practice in the Supreme Court, the appeal will be dismissed in the ab-
sence of error appearing on the face of the record proper.

APPEAL by R. O. Tarkington and wife, Mary Marsh Tarkington,
hereinafter referred to as "defendants," from *Crissman, J.,* January
19, 1959 term, of GUILFORD (Greensboro Division).

This is an action by plaintiff to recover of defendants unpaid rents
under a lease of theater properties. Defendants admitted execution
of the lease and default in payment of some of the monthly rentals
and set up a counterclaim for damages by reason of alleged misrep-
resentations and fraud inducing defendants to enter into the lease
agreement. Defendants admitted that the rent sued for is due and
payable. At the close of the evidence the court nonsuited the counter-
claim, directed a verdict on plaintiff's cause of action and entered
judgment accordingly.

From judgment of involuntary nonsuit on the counterclaim defend-
ants appealed and assigned errors.

*G. C. Hampton, Jr. for plaintiffs, appellees.*
*T. C. Hoyle, Jr. for additional defendants Max Zager and Max
Zager Enterprises, appellees.*
*Paul R. Ervin for Wayne Theatres, Inc., additional defendant, ap-
pellee.*
*Daniel R. Dixon for R. O. Tarkington and wife, appellants.*

PER CURIAM. This case was here at the Fall Term, 1957. *Amuse-
ment Co. v. Tarkington,* 247 N.C. 444, 101 S.E. 2d 398. In the present
appeal, plaintiff filed no exceptions to defendants' case on appeal and
the case was not settled by the trial judge. Plaintiff filed motion in
this Court to dismiss the appeal on the ground that the evidence in
the case on appeal is not in narrative form. Rule 19 (4), Rules of
Practice in the Supreme Court, 221 N.C. 544, 556. All the testimony
in the case on appeal is in question and answer form. Rule 19(4) is
mandatory and failure to comply therewith necessitates a dismissal
of the appeal. *Laughinghouse v. Insurance Co.,* 239 N.C. 678, 679,

80 S.E. 2d 457. When this rule is not complied with this Court will consider only such errors as are presented by the record proper. *Hall v. Hall*, 235 N.C. 711, 714, 71 S.E. 2d 471. "For the reasons stated in *Anderson v. Heating Co.*, 238 N.C. 138, 76 S.E. 2d 458, the Court has not only found it necessary to adopt Rule 19 (4), but also to enforce it uniformly." It may not be waived even by agreement of counsel. *Whiteside v. Purina Co.*, 242 N.C. 591, 592, 89 S.E. 2d 159. Notwithstanding this inflexible rule, we have carefully considered the evidence in the record and we find it insufficient to make out a *prima facie* case of fraud as alleged in the counterclaim. No error appears upon the record proper.

The appeal is

Dismissed.