### STATE v. JIMMIE OLIVER.

(Filed 13 April, 1938.)

**1. Bastards § 3: Indictment § 11—**

In a prosecution for willful failure and refusal to support an illegitimate child, sec. 1, ch. 228, Public Laws of 1933, an exception on the ground that the indictment failed to charge the specific date in the month in which the offense was alleged to have been committed cannot be sustained. C. S., 4625.

**2. Criminal Law § 60—**

When the judgment is supported by the verdict, an exception to the judgment cannot be sustained.

**3. Criminal Law § 78b—**

Assignments of error which are not supported by exceptions duly noted will not be considered.

**4. Criminal Law § 78d—**

Exceptions which are not set out as assignments of error are abandoned. Rule of Practice in Supreme Court No. 19 (3).

APPEAL by defendant from *Harris, J.,* at November Term, 1937, of PAMLICO. No error.

*Attorney-General Seawell and Assistant Attorneys-General McMullan and Willis for the State.*
*F. C. Brinson for defendant, appellant.*

SCHENCK, J. The defendant was tried upon a bill of indictment charging him with violating sec. 1, ch. 228, Public Laws 1933, in that he willfully failed and refused to support his illegitimate child begotten upon one Edna Mae Morton. A verdict of guilty was rendered.

The appellant's statement of the case on appeal consists of the bill of indictment, the charge of the court, the verdict and the judgment. The evidence is not set forth.

The only exceptions noted in the record are (1) to the bill of indictment in that it charges the offense to have been committed on "the ...... day of November, 1937," (2) to the judgment as set out in the record, (3) to the overruling of the motion to set the judgment aside, and (4) to the denial of the motion in arrest of judgment.

The only assignment of error is in the following language:

"No. 1. Since the bill of indictment did not charge any specific date in November, 1937, that the defendant had willfully refused or neglected to support said illegitimate child, and the court had charged the jury as follows, 'The only issue for you to pass on in this case is whether you are satisfied by the evidence, beyond a reasonable doubt, whether he is the father of the child. If you are satisfied that he is the father of the child your verdict will be guilty. If you are not so satisfied your verdict should be not guilty.' And also charged as follows: 'The only thing for you to consider, as I have told you, is whether the defendant is guilty or not guilty, whether he is the father of this child or not. Then it is a matter of the court.' The court erred in signing any judgment under the bill of indictment, charge of the court and verdict of the jury."

The only portions of the assignment of error supported by exceptions noted in the record are those that relate to the bill of indictment not charging any specific date in November, 1937, upon which the offense was committed, and those that relate to the judgment set out in the record. The first of those exceptions cannot be sustained. C. S., 4625. The second of those exceptions cannot be sustained for the reason that the judgment is sustained by the verdict of guilty.

There are in the record no exceptions noted to the charge of the court. The portions of the assignment of error relating to the charge, therefore, cannot be considered in this Court. *Dixon v. Osborne,* 201 N. C., 489; *In re Will of Beard,* 202 N. C., 661.

The exceptions to the overruling of the motion to set the judgment aside and to the denial of the motion for arrest of judgment, are not set out as assignments of error and are therefore abandoned. Rule 19 (3), Rules of Practice in the Supreme Court, 200 N. C., 824.

No error.