In re the Matter of DENNIS DE FEBIO, THEODORE THOMAS DE FEBIO, and DOMINICK DE FEBIO, Minors.

(Filed 25 February, 1953.)

**1. Appeal and Error § 16—**

An appeal from a judgment rendered in the Superior Court prior to the beginning of the Fall Term of the Supreme Court must be taken to the Fall Term of the Supreme Court, and the cause docketed twenty-one days prior to the call of the district to which it belongs, and failure to docket within the time prescribed necessitates dismissal, since the rule is mandatory. Rule of Practice in the Supreme Court No. 5.

**2. Courts § 7½—**

The denial of motion by respondent parents for modification of order committing the custody of their minor children to the State Board of Public Welfare does not preclude the parents from later moving for modification of the judgment on the ground of changed conditions. G.S. 110-36.

Appeal by respondents from *Williams, J.,* May Term, 1952, of Dare.

This proceeding, originally instituted in the Juvenile Court of Dare County, involves the custody of these minor children: Theodore Thomas De Febio, age ten; Dominick De Febio, age six; and Dennis De Febio, age ten, the first two being the natural children of the respondents, Frank J. De Febio and wife, Theo. T. De Febio, and the latter purportedly being the adoptive child of the respondents. The children came to Dare County with the respondent Frank J. De Febio from his former abode in or near Washington, D. C., during the month of January, 1950, and thereafter lived with him in a portion of the property formerly known as the Paul Gamiel Hill Coast Guard Station near Duck, North Carolina, north of Nags Head.

On 17 April, 1951, Goldie H. Meekins, Superintendent of Public Welfare of Dare County, filed petition in the Juvenile Court alleging in effect that within the meaning of the law the children were neglected children (G.S. 110-21), and praying that they be declared wards of the State and committed to the custody of the North Carolina State Board of Public Welfare for suitable care and supervision.

After due notice to the respondents, the proceeding was heard before the Judge of the Juvenile Court on 22 May, 1951, with both respondents

being present. Both sides offered evidence. At the conclusion of the hearing the court found facts and entered judgment finding and adjudging that the children were neglected (G.S. 110-29), and ordered them committed to the custody of the North Carolina State Board of Public Welfare, to be placed in a suitable institution or family home for care and supervision. The children were placed in a boarding house in Hertford, North Carolina, under the immediate supervision of the Dare County Welfare Department.

Thereafter the respondent parents moved the Judge of the Juvenile Court for modification of the judgment, and on 24 August, 1951, judgment was entered denying the motion.

From this judgment the respondents appealed to the Superior Court of Dare County.

The appeal came on for hearing and was heard before Judge Williams at the May Term, 1952. By consent it was agreed that Judge Williams might take the case under advisement and render judgment out of term and out of the county at the June Term, 1952, of the Superior Court of Pasquotank, and this was done. The judgment so entered by Judge Williams affirms the former judgments of the Juvenile Court.

To the judgment so entered the respondents excepted and appealed therefrom to this Court.

*W. Dennis Hollowell for respondents, appellants.*
*No counsel contra.*

JOHNSON, J. The judgment appealed from was entered, by consent, at the June Term, 1952, of Pasquotank, as of the May Term, 1952, of Dare.

The transcript of the record was not docketed here until 6 December, 1952. It was the duty of the appellants to docket the appeal at the Fall Term, 1952, of this Court, twenty-one days before the call of the docket of the First District, to which the case belongs. Rule 5, Rules of Practice in the Supreme Court, 221 N.C. 546, as amended. See 233 N.C. 749.

This is a mandatory rule of procedure with us. It may not be abrogated by consent or otherwise. *Pruitt v. Wood,* 199 N.C. 788, 156 S.E. 126. Failure to docket within the time prescribed works a loss of the right of appeal and necessitates dismissal. *Jones v. Jones,* 232 N.C. 518, 61 S.E. 2d 335; *S. v. Presnell,* 226 N.C. 160, 36 S.E. 2d 927; *S. v. Watson,* 208 N.C. 70, 179 S.E. 455; *Pruitt v. Wood, supra.*

It follows that the appeal must be dismissed, and it is so ordered. This, of course, without prejudice to respondents' rights to move, if so advised, in the Juvenile Court of Dare County for modification of the judgment on the ground of changed conditions. G.S. 110-36.

Appeal dismissed.