## STATE v. TOMMIE POWELL.

(Filed 4 November, 1953.)

**Criminal Law § 77b—**

> The rule requiring a narrative statement of the evidence in the case on appeal is mandatory and may not be waived by the parties, and a record containing in an "agreed statement of facts" a mere summary of the evidence. largely in the form of conclusions, is not a compliance with the rule and requires a dismissal of the appeal, and a statement of the evidence in question and answer form in the brief does not alter this result.

APPEAL by defendant from *Harris, J.,* and a jury, at April Term, 1953, of DUPLIN.

Criminal prosecution tried on appeal from General County Court upon a warrant charging the defendant with (1) possession of nontax-paid whiskey, and (2) possession of nontax-paid whiskey for the purpose of sale.

The jury returned a verdict of guilty, and from judgment pronounced the defendant appealed.

*Attorney-General McMullan, Assistant Attorney-General Bruton, and Gerald F. White, Member of Staff, for the State.*
*Latham A. Wilson for defendant, appellant.*

JOHNSON, J. The Attorney-General moves to affirm the judgment and dismiss the appeal for failure to include in the case on appeal a narrative statement of the evidence as required by Rule 19 (4), Rules of Practice in the Supreme Court, 221 N.C. 544, p. 556.

This Rule requires that the evidence "shall be in narrative form, and not by question and answer, except that a question and answer, or a series of them, may be set out when the subject of a particular exception." The Rule further provides that "If the case is settled by agreement of counsel, or the statement of the appellant becomes the case on appeal, and the rule is not complied with, . . . the appeal will be dismissed." This Rule is mandatory, and may not be waived by the parties. *Bank v. Fries,* 162 N.C. 516, 77 S.E. 678; *Anderson v. Heating Co., ante,* 138, 76 S.E. 2d 458. See also *Pruitt v. Wood,* 199 N.C. 788, 156 S.E. 126; *In re De Febio,* 237 N.C. 269, 74 S.E. 2d 531.

Here the record contains a statement labeled "Agreed Statement of Facts," which summarizes—largely in the form of conclusions—what transpired in the trial of the case, but nowhere in the record do we find anything that approximates a narrative statement of the evidence in the case as required by Rule 19 (4). Instead, the defendant has included in his brief, as an appendix thereto, all the evidence, in question and answer form. This does not meet the requirements of the Rule. The motion of the Attorney-General will be allowed, and it is so ordered.

But while reaching this conclusion, the entire record has been read and considered, as has the evidence brought forward in the brief, and no substantial merit is found in any of the defendant's assignments of error.

Judgment affirmed; appeal dismissed.