HOME INSURANCE COMPANY v. E. M. STAFFORD, INC.

(Filed 25 November, 1953.)

**Appeal and Error § 16—**

> An appeal must be taken to the next succeeding term of the Supreme Court beginning after the rendition of the judgment, and when this is not done the appeal will be dismissed, it being incumbent upon appellant to apply for a writ of *certiorari* if he is unable to effect his appeal in time.

APPEAL by plaintiff from *Sharp, Special J.,* January Extra Civil Term, 1953, MECKLENBURG.

Civil action to recover the value of a stolen automobile.

At the trial in the court below the court, at the conclusion of the plaintiff's evidence in chief, entered judgment of nonsuit. Plaintiff excepted and appealed.

*Alvin A. London and James E. Walker for plaintiff appellant.*
*McDougle, Ervin, Horack & Snepp for defendant appellee.*

PER CURIAM. This cause was tried and the judgment herein was entered in January 1953, prior to the convening of the 1953 Spring Term

of this Court. It was the duty of the appellant to docket its appeal in this Court at that term, twenty-one days prior to the call of the docket of the Fourteenth Judicial District, to which this case belongs. It was actually docketed 4 April 1953, only ten days before the call of the Fourteenth District cases, and was marked "Fall Term." No brief was filed at that term, and no continuance was granted. A brief was filed 5 October 1953, but this came too late.

If the appellant was unable to perfect its appeal at the Spring Term, application for a writ of *certiorari* was available to protect its right of appeal. We are therefore compelled to dismiss the appeal on authority of *In re Suggs, ante,* p. 413; *In re De Febio,* 237 N.C. 269, 74 S.E. 2d 531; and other cases to like effect.

Appeal dismissed.