### STATE v. JACK WOMACK.

(Filed 2 December, 1959.)

**1. Bastards § 1—**

Failure to support an illegitimate child is a continuing offense, and the date of birth of such child is immaterial if the action is instituted within the time prescribed by statute, G.S. 49-4, and demand for the support of the child is made a reasonable time before the action is instituted.

**2. Criminal Law § 150—**

Where no error appears on the face of the record and the judgment is supported by the verdict an appeal upon the sole exception to the denial of defendant's motion to nonsuit will be dismissed when the evidence produced at the trial is not contained in the record.

APPEAL by defendant from *Bickett, J.,* 24 August 1959 Criminal Term, of WAKE.

This is a criminal action which was instituted in the Wake County Domestic Relations Court on 20 April 1959. The defendant having been tried and convicted therein, appealed to the Wake County Superior Court where there was a trial *de novo* on the original warrant.

The warrant charges that "on or about the 18th day of February, 1959, Jack Womack, he being the parent and father of Debbie Sue Jones born 2/18/59, with force and arms, at and in the County aforesaid, did unlawfully and wilfully neglect and refuse to support and maintain the said Debbie Sue Jones, his illegitimate child, against the statute in such cases made and provided," etc.

According to the record, issues were submitted to the jury and answered as follows:

"1. Is the defendant Jack Womack the father of the illegitimate child, Debbie Sue Jones, begotten upon the body of Emily Gale Jones? Answer: Yes.

"2. Has the defendant, Jack Womack, unlawfully and wilfully, neglected and refused to support and maintain said illegitimate child, Debbie Sue Jones? Answer: Yes.

"3. Is the defendant, Jack Womack, guilty of unlawfully and wilfully neglecting and refusing to support and maintain his illegitimate child, Debbie Sue Jones? Answer: Yes."

From the judgment imposed on the verdict, the defendant appeals, assigning error.

*Attorney General Seawell, Assistant Attorney General Bruton for the State.*

*Charles W. Daniel and Jack Senter for defendant.*

DENNY, J. The only exceptions in the record are to the denial of the defendant's motion to dismiss as of nonsuit at the close of the State's evidence and renewed at the close of all the evidence, and to the signing of the judgment.

The only reference to any evidence taken in the trial below appears in the statement of case on appeal and reads as follows: "The prosecutrix in the Superior Court trial testified that her illegitimate child, by the alleged father, Jack Womack, defendant, was born February 18, 1959; that she first gave written notice and made demand of defendant for support of the said child on April 3, 1959, and that the same was the first and only notice and demand made by her upon defendant for support of said child; that issues set out in the record proper were submitted to the jury following this and other evidence."

The failure to support an illegitimate child is a continuing offense, and the date such child was born is immaterial provided the action is instituted within the time prescribed by statute, G.S. 49-4, and that demand for the support of such child was made a reasonable time before the action was instituted. *S. v. Perry,* 241 N.C. 119, 84 S.E. 2d 329; *S. v. Chambers,* 238 N.C. 373, 78 S.E. 2d 209; *S. v. Thompson,* 233 N.C. 345, 64 S.E. 2d 157; *S. v. Oliver,* 213 N.C. 386, 196 S.E. 325; *S. v. Johnson,* 212 N.C. 566, 194 S.E. 319.

When the evidence adduced at the trial is not contained in the record, the appeal must be dismissed in the absence of error appearing upon the face of the record. Rule 19 (4), Rules of Practice in the Supreme Court, 221 N.C. at page 556. *S. v. Griffin,* 246 N.C. 680, 100 S.E. 2d 49; *S. v. Powell,* 238 N.C. 550, 78 S.E. 2d 343; *S. v. Kirkland,* 178 N.C. 810, 101 S.E. 560; *S. v. Tyson,* 133 N.C. 692, 46 S.E. 838.

The evidence set out in the statement of case on appeal is not sufficient to enable this Court to pass on the merits of the motion for judgment as of nonsuit. Furthermore, the judgment is supported by the verdict and the exception thereto cannot be sustained. *S. v. Barham, ante* 207; *S. v. Ayscue,* 240 N.C. 196, 81 S.E. 2d 403; *S. v. Sloan,* 238 N.C. 672, 78 S.E. 2d 738; *S. v. Oliver, supra.*

Appeal dismissed.