STATE v. WILLIE PRINCE, JR.

(Filed 20 June, 1967.)

1. Criminal Law § 100—

By introducing evidence after the State has rested its case, defendant waives his motion to nonsuit made prior to the introduction of his evidence, and on appeal the correctness of the nonsuit must be determined upon consideration of all of the evidence favorable to the State. G.S. 15-173.

**2. Criminal Law § 152—**

Where none of the evidence is set out in the record, the appeal must be dismissed in the absence of error appearing on the face of the record proper. Rule of Practice in the Supreme Court No. 19(4).

**3. Constitutional Law § 31;    Criminal Law § 40—**

Where a trial is terminated prior to verdict at the instance of defendant, the testimony of a witness at such trial, with full cross-examination, taken in open court and properly attested, is properly admitted in evidence at the subsequent trial when the witness is then on military duty outside the boundaries of the United States. The admission of such testimony does not violate defendant's right of confrontation. Constitution of North Carolina, Art. I, § 11; Sixth and Fourteenth Amendments to the Constitution of the United States.

APPEAL by defendant from *Mintz, J.*, January 1967 Session of ONSLOW.

At the July 1966 Session of the Superior Court of Onslow, the grand jury returned a true bill of indictment in which it was charged that on 5 June 1966 defendant, with the use of a knife and a pistol whereby the lives of Frank Sanderson and Paul Kelch were threatened and endangered, did unlawfully and feloniously take from their persons clothing, money, and other personal property. (G.S. 14-87.) At the same session, defendant appeared for trial with his attorney, Max Godwin, Esquire, whom he himself had chosen and employed. The trial was begun, and the State offered its evidence, which included the testimony of Frank Sanderson, a member of the United States Marine Corps — one of the victims of the alleged robbery.

At the close of the State's evidence, Mr. Godwin recommended to defendant that he change his plea of not guilty to one of guilty. As a result of this advice, defendant became dissatisfied with Mr. Godwin's services. He requested the presiding judge, Honorable Henry L. Stevens, Jr., to declare a mistrial and to continue the case so that "he might get another attorney of his own choice." Judge Stevens, being of the opinion "that under the maze of decisions in this day and time existing, there is just no telling what position some appellate court might take upon a denial of the motion," in his discretion, withdrew a juror, declared a mistrial, and set the case for trial at the September Session. Recognizing the possibility that Sanderson, a member of the U. S. Marine Corps stationed at Camp Lejeune, might then be unavailable, he directed the court reporter to transcribe his testimony. At the September Session, defendant having secured no attorney, the court appointed his present counsel to represent him and continued the case.

The case was next called for trial at the January 1967 Session. The State offered in evidence the transcript of Sanderson's testi-

mony at the first trial in July 1966. Defendant objected to its introduction, and the court conducted a preliminary hearing in the absence of the jury. A chief warrant officer of the United States Marine Corps and a criminal investigator who had investigated this case both testified that after the July Session, Sanderson had been transferred from Camp Lejeune to Vietnam. After hearing their testimony, counsel for defendant stipulated that Sanderson was then "outside the confines of the United States." The solicitor for the State, Honorable Walter T. Britt, testified that at the time of the mistrial in July 1966, the State had completed its examination of Sanderson. Mr. Godwin, defendant's former attorney, testified that he also had completed his cross-examination of Sanderson at the time Judge Stevens had allowed defendant's motion for a mistrial.

At the conclusion of the hearing, Judge Mintz found as a fact that Mr. Godwin had completed his cross-examination of Sanderson before the mistrial was ordered. Defendant's objection was overruled, and the testimony of Sanderson as given at the former trial was read to the jury.

Both the State and defendant offered evidence, and defendant testified in his own behalf. None of the testimony, however, has been included in the case on appeal. The jury's verdict was "guilty as charged in the bill of indictment." From a sentence of not less than fifteen nor more than eighteen years, defendant appeals.

*T. Wade Bruton, Attorney General, and Ralph A. White, Jr., Staff Attorney, for the State.*
*Carl V. Venters for defendant.*

SHARP, J. Defendant brings forward only two assignments of error: that the court erred (1) in admitting the transcript of the testimony which Sanderson gave at the former trial, and (2) in overruling his motion of nonsuit *at the close of the State's evidence.* He specifically abandoned his assignment of error based on his exception to the denial of his motion for nonsuit made at the close of all the evidence.

By introducing evidence after the denial of his motion for judgment of nonsuit made when the State had rested its case, defendant waived the motion for dismissal which he made prior to the introduction of his evidence. G.S. 15-173. In no event, therefore, would defendant be entitled to have his motion for nonsuit considered *only* in the light of the State's evidence. *State v. Earp,* 196 N.C. 164, 145 S.E. 23. But neither the evidence for the State nor that of defendant has been included in the case on appeal.

"When the evidence adduced at the trial is not contained in the record, the appeal must be dismissed in the absence of error appearing upon the face of the record. Rule 19(4), Rules of Practice in the Supreme Court, 221 N.C. at page 556, *S. v. Griffin*, 246 N.C. 680, 100 S.E. 2d 49; *S. v. Powell*, 238 N.C. 550, 78 S.E. 2d 343; *S. v. Kirkland*, 178 N.C. 810, 101 S.E. 560; *S. v. Tyson*, 133 N.C. 692, 46 S.E. 838." *State v. Womack*, 251 N.C. 342, 343, 111 S.E. 2d 332, 334.

Defendant's appeal must be dismissed, but we deem it appropriate to say his assignments disclose no error in the trial below. It is obvious that defendant's attempt to overturn his conviction is not based upon any lack of evidence to establish his guilt of the crime charged. His complaint is that the admission of the transcript of Sanderson's evidence at his first trial violated the rights guaranteed to him by the North Carolina Constitution, Article I, Section 11, and by the Sixth Amendment to the U. S. Constitution. The latter, which gives an accused the right "to be confronted with the witnesses against him," is now held to have been made obligatory on the states by the Fourteenth Amendment. *Pointer v. Texas*, 380 U.S. 400, 85A Sup. Ct. 1065, 13 L. Ed. 2d 923 (1965). The North Carolina Constitution, Article I, Section 11, gives every person charged with crime the right "to confront the accusers and witnesses with other testimony."

Always in a criminal action, "the witness himself, if available, must be produced and testify *de novo*." *State v. Cope*, 240 N.C. 244, 249, 81 S.E. 2d 773, 777. The constitutional right of confrontation, however, is not denied an accused by the introduction at a subsequent trial of the transcribed testimony given at a former trial of the same action by a witness who has since died, become insane, left the State permanently or for an indefinite absence, become incapacitated to testify in court as a result of a permanent or indefinite illness, or absented himself by procurement of, or connivance with, the accused. The accuracy of the transcription, of course, must be attested and it must appear that the defendant had a reasonable opportunity to cross-examine the witness. *State v. Ham*, 224 N.C. 128, 29 S.E. 2d 449; *State v. Casey*, 204 N.C. 411, 168 S.E. 512; *State v. Maynard*, 184 N.C. 653, 113 S.E. 682; *State v. Behrman*, 114 N.C. 797, 19 S.E. 220; Stansbury, N. C. Evidence § 145 (2d Ed., 1963); McCormick, Evidence § 231 (1954); 29 Am. Jur. 2d, Evidence § 739 (1967); 5 Wigmore, Evidence §§ 1396, 1397 (3d Ed., 1940); Annot., Use in criminal case of testimony given on former trial, or preliminary examination, by witness not available at present trial, 15 A.L.R. 495; 79 A.L.R. 1392; 122 A.L.R. 425; 159 A.L.R. 1240. See

also *Settee v. Electric Railway*, 171 N.C. 440, 441-443, 88 S.E. 734, 735-36; *Pointer v. Texas, supra.* at 407, 85A Sup. Ct. at 1069, 13 L. Ed. 2d at 928.

The testimony of Sanderson, to which defendant objected, was taken in open court, in the presence of the parties and witnesses, and under the supervision of the trial judge. Defendant had the opportunity to cross-examine the witness, and his counsel fully availed himself of the right. The court reporter who took and transcribed the evidence attested to its accuracy, which defendant does not controvert. At the time of the second trial, Sanderson, a member of the U. S. Marine Corps who had been temporarily stationed at Camp Lejeune when the alleged crime was committed and the first trial held, was outside the borders of the United States. He was in Asia, fighting his country's battle in Vietnam. In all probability, he was never domiciled in North Carolina, but — if he were — his absence from the State at the time of the second trial could not have been considered a mere temporary absence. His return was contingent and uncertain. In any event, he would be away for a prolonged and indefinite period. For all practical purposes he could fairly be considered a nonresident, beyond the jurisdiction of the court. Defendant was in jail in default of bond; the State was required to try him. There was no error in admitting the transcript of Sanderson's testimony at the first trial, which was prematurely concluded at the instance of defendant.

Appeal dismissed.