State v. Keller

STATE OF NORTH CAROLINA v. MICHAEL DEAN KELLER

No. 8025SC561

(Filed 20 January 1981)

1. Criminal Law § 40— admissibility of testimony given at former trial — unavailability of witnesses

The trial court properly found that a witness was unavailable so as to permit the introduction of a transcript of testimony given by the witness at a prior trial of defendant where the evidence tended to show that the SBI made an investigation to determine the whereabouts of the witness but was unable to locate him, a subpoena was issued for the witness in the county of trial but not in the county of the witness's place of residence, and the witness had not been in his county of residence for more than a year. Furthermore, the trial court properly found that the testimony of a second witness was unavailable so as to permit the introduction of a transcript of his testimony given at the prior trial of defendant where the witness was present in the courtroom but asserted his right against self-incrimination and refused to testify in violation of a plea bargain agreement.

2. Criminal Law § 106.5— testimony of accomplice — sufficiency for conviction

There is no merit in defendant's contention that the uncorroborated testimony of an accomplice should not be sufficient to support a conviction when it is contrary to that offered by other witnesses more reliable than the accomplice and when the accomplice has committed perjury in a previous trial concerning the same transaction, and the testimony of an accomplice in this case was sufficient to support defendant's conviction of second degree murder.

3. Criminal Law § 117.3— testimony in return for agreement not to prosecute — instructions

The trial court did not err in failing to instruct the jury that two witnesses who testified pursuant to an agreement that they would not be prosecuted for certain charges against them were interested in the verdict, the trial court's instruction on the credibility of the witnesses being sufficient where the court instructed that if either or both of the witnesses testified in whole or in part because of such concessions, the jury should examine the testimony of that witness with great care and caution, and that if the jurors should believe the testimony in whole or in part, they should treat what they believed the same as any other reliable evidence.

4. Criminal Law § 117.4— accomplice testimony — instructions

The trial court did not err in failing to instruct the jury that an accomplice is *guilty*, as an accomplice, of the crime charged against defendant.

APPEAL by defendant from *Snepp, Judge.* Judgment entered 14 December 1979 in Superior Court, CALDWELL County. Heard in the Court of Appeals 17 October 1980.

The defendant was previously convicted of first degree murder. That verdict was overturned and a new trial ordered. During the second trial, over objection by the defendant, the State was permitted by the trial judge to introduce testimony of two witnesses taken at the previous trial. Defendant was convicted of second degree murder and sentenced to not less than 50 years nor more than 60 years' imprisonment. Defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General George W. Boylan, for the State.*

*McElwee, Hall, McElwee & Cannon, by John E. Hall, for defendant appellant.*

HILL, Judge.

[1] At defendant's second trial, one witness for the prosecution was not present in the courtroom. Another witness for the prosecution was present but refused to testify.

The trial court, in the absence of the jury, heard testimony and arguments of counsel, upon objection by defendant to the introduction into evidence by the State of a transcript of the testimony of witness Jerry Lyn Morrison. The testimony was given at a prior trial of this case in September, 1978, in the Superior Court for Caldwell County.

The trial court made the following findings of fact:

1. Jerry Lyn Morrison was a material witness for the State at the previous trial and his testimony is material to the State at this trial.

2. At the previous trial Morrison was examined by the District Attorney and cross examined by the defendant's counsel who also now represent the defendant.

3. At the time at the first trial Morrison resided with his wife and 2 children in Alexander County, North Carolina. On November 1, 1978, he left his home driving his wife's car after telling her that he would return the next day, but without stating where he was going. The next day she discovered her automobile in a church parking lot in Stony Point, North Carolina. She has not seen or heard from Morrison since November 1, 1978.

4. Morrison's mother, who lived next door to him, has not seen or heard from her son since November 1978.

5. Morrison's attorney who was representing him at the time of the first trial of this case has not heard from him since that time.

6. The State through an Agent of the State Bureau of Investigation have [sic] since last August 1979 made inquiry as to Morrison's whereabouts by interviewing residents of his neighborhood, former friends and associates and through other law enforcement agencies but have [sic] been unable to learn his whereabouts.

7. Morrison is unavailable to testify at this trial and the State has made a reasonable, sufficient effort to ascertain his whereabouts without success.

The trial court then concluded that a properly authenticated transcript of Morrison's testimony at the prior trial could be introduced into evidence by the State at the second trial.

Defendant excepted to the order entered by the trial judge, claiming there was no evidence that a subpoena was issued in Alexander County for Morrison and no evidence that the Sheriff of Alexander County or any of his deputies in charge of serving subpoenas for that county attempted to locate him. Defendant further contended the State had not shown a good faith effort to bring the witness into court.

We must first determine if the facts found by the trial judge are sufficient to support his conclusion. Subpoena for Morrison was issued in Caldwell County, the place of trial, but no subpoena was issued in Alexander County, the witness's place of residence. There is evidence that the witness had not been in his county of residence for a year or more. Nor has defendant shown a greater probability of locating the witness if a subpoena had been issued for Alexander County. The trial court's findings show the State exercised due diligence in searching for Morrison. Defendant's objection to the trial court's order is without merit.

The witness, Jackie Rand Robinette, was present at court, but refused to testify. The trial judge made findings of fact and conclusions as follows:

1. Jackie Rand Robinette was charged in a bill of indict-

ment by the Grand Jury of Caldwell County in case 78CRS1691 with the first degree murder of Edward Lee Greene, the bill being returned at the February 1978 session.

2. At the same session in case 78CRS1692 Robinette was charged in a true bill with the first degree murder of Alfred Conrad Greene, Jr.

. . . . . . . . . .

5. On August 16, 1978, in the Superior Court for Caldwell County Honorable Thomas H. Lee, Judge Presiding, the defendant freely, intelligently and voluntarily entered, in each case, pleas of guilty to the felony of voluntary manslaughter. The pleas were tendered and accepted upon the following conditions: (1) The defendant agrees to prove truthful testimony on behalf of the State in the prosecution of 2 homicide cases against Michael Dean Keller wherein Alfred Conrad Greene, Jr., and Edward Lee Green were victims; . . .

. . . . . . . . . .

7. The defendant did appear as a witness for the State and testified at a prior trial in the case of *State vs. Michael Dean Keller.*

8. Keller was then represented by the same counsel as now represent him, and the defendant confronted and cross examined the witness.

9. On 11 December 1979, Robinette, being called to testify in the present trial, informed the Court that he refused to testify. On this date, under oath, Robinette again informed the Court that he refused to testify and acknowledged that this was in violation of the terms of his plea agreement with the State; that he discussed the matter with his attorney; that he understood the possible consequences of his refusal; and that he intelligently and voluntarily declined to testify in violation of the plea agreement.

10. Robinette is now unavailable to the State as a witness. His testimony is material and crucial to the State's case.

11. The State relied upon the testimony of Robinette and was not aware that he would refuse to testify until 11 December 1979.

Based upon the foregoing, the Court concluded as a matter of law that the transcript of Robinette's testimony at the prior trial of this case could be introduced into evidence.

Defendant challenges the introduction of the transcripts of both witnesses' testimony. Defendant contends his right to confront any witness against him has been denied. Further, defendant contends the denial of the jury's right to look at the witnesses and examine their credibility as live witnesses denied him a fair trial.

Previously recorded testimony is authorized if:

(1) the witness is unavailable;

(2) the recorded testimony stems from a former trial of the same cause;

(3) the current defendant was present at that time and represented by counsel.

Defendant herein concedes the requirements of items (2) and (3) are met, but argues that the witnesses were not unavailable.

Justice Denny has stated the rule in *State v. Cope,* 240 N. C. 244, 248-9, 81 S.E. 2d 773 (1954):

Ordinarily, testimony given by a witness in a . . . former trial, will not be admitted as substantive evidence in a trial unless it is impossible to produce the witness. The witness himself, if available, must be produced and testify *de novo.* (Citations omitted.)

Defendant points to three U.S. Supreme Court cases as arguments that the two witnesses were available. However, each of those cases is distinguishable on its facts from the case under consideration. In all of those cases the whereabouts of the witness was known, and the presence of the witness could have been obtained through the use of a subpoena or other process.

There was no evidence before the trial judge in this case as to the whereabouts of Morrison. He had simply disappeared. It appears from

the record that the district attorney had used due diligence and every reasonable effort to have the witness present. Witness Robinette, though present, apparently was invoking his constitutionally guaranteed right to be free from self-incrimination. The important inquiry is whether Robinette's testimony was available, not whether he was. *See United States v. Milano,* 443 F. 2d 1022 (10th Cir.), *cert. denied* 404 U. S. 943, 30 L. Ed. 2d 258, 92 S. Ct. 294 (1971); *United States v. Wilcox,* 450 F. 2d 1131 (5th Cir. 1971), *cert. denied* 405 U. S. 917, 30 L. Ed. 2d 787, 92 S. Ct. 941 (1972); *United States v. Mobley,* 421 F. 2d 345 (5th Cir. 1970); *Mason v. United States,* 408 F. 2d 903 (10th Cir. 1969), *cert. denied,* 400 U. S. 993, 27 L. Ed. 2d 441, 91 S. Ct. 462 (1971).

Motions in regard to the use of transcripts of prior proceedings are addressed to the discretion of the trial judge. His ruling thereon will not be upset on appeal absent a showing of such abuse of discretion as would deprive a defendant of a fair trial. *State v. Holloway* and *State v. Jones,* 16 N.C. App. 266, 270, 192 S.E. 2d 75 (1972). We find no such abuse and no error. Defendant's assignment of error is overruled.

**[2]** Defendant next asserts the trial judge erred in denying his motion for nonsuit at the close of the State's evidence and at the close of all the evidence. Defendant contends the only evidence before the court sufficient to withstand a motion for nonsuit was the testimony of the witness Jackie Robinette.

Robinette previously had been tried and convicted in Statesville of solicitation to commit murder. There were material differences in the testimony offered by Robinette in the Statesville trial and the case now before the Court. No corroboration was offered to the testimony of Robinette, although a witness was available who would have corroborated Robinette.

The defendant acknowledges that the uncorroborated testimony of an accomplice standing alone is sufficient evidence to submit to the jury and to support conviction of a criminal offense. *State v. Horton,* 275 N. C. 651, 657, 170 S. E. 2d 466 (1969), *cert. denied* 398 U. S. 959 (1970), *reh. denied* 400 U. S. 857 (1970). Defendant contends, however, that such testimony ought not to be sufficient when it is contrary to that offered by other witnesses more reliable than the accomplice and when the accomplice has committed perjury in a previous trial concerning the same transaction as his testimony in this case. Defendant

concedes he finds no North Carolina cases in support of his conten-
tion. Neither do we.

It has long been the rule in this State that the credibility of
witnesses and the weight to be given to their testimony is exclusively
a matter for the jury. *State v. Wilson,* 293 N. C. 47, 235 S. E. 2d 219
(1977). Further, upon a motion for nonsuit, the evidence for the State
must be considered in the light most favorable to it; discrepancies and
contradictions therein are disregarded. *State v. Witherspoon,* 293 N. C.
321, 326, 237 S. E. 2d 822 (1977). Defendant's assignment of error is
overruled.

[3]  Defendant further contends the trial judge erred in his charge to
the jury regarding the weight to be given to testimony offered by
witnesses Warren and Morrison, both of whom had testified pursuant
to an agreement that they would not be prosecuted for certain charges
against them. The trial judge instructed the jury that if either or both
of the witnesses testified in whole or in part because of such conces-
sions, the jury should examine the testimony of that witness with
great care and caution. The jury was instructed that if they should
believe the testimony in whole or in part, they should treat what they
believed the same as any other reliable evidence.

Defendant contends the judge should have charged the jury that
the two witnesses were interested in the verdict as provided by G. S.
15A-1052(c). The statute provides that,

> In a jury trial the judge must inform the jury of the grant of
> immunity and the order to testify prior to the testimony of
> the witness under the grant of immunity. During the
> charge to the jury, the judge must instruct the jury *as in the
> case of interested witnesses.* (Emphasis added.)

We do not find in the charge any prejudice toward the defendant.
The charge is similar to that used by the trial court in *State v. Hardy,*
293 N. C. 105, 120, 235 S. E. 2d 828 (1977), in which the Supreme Court
found no error:

> There is evidence in these cases which tends to show that
> the witness, Green, is testifying under an agreement with
> the prosecutor for a charge reduction in exchange for his
> testimony; and under agreement with the prosecutor for
> recommendation for sentence concession in exchange for

his testimony .... If you find this witness Green, testified in whole or part from these reasons you should examine this testimony with great care and caution in deciding whether or not to believe it. If, after doing so, you believe his testimony in whole or in part, you should treat what you believe the same as any other believable evidence in the case.

In the present case the charge was in substantial accord with that approved in *Hardy, supra.* Defendant's assignment is overruled.

[4]  Finally, defendant contends the trial judge erred in his charge to the jury concerning the weight to be given Robinette's testimony.

The trial judge charged:

And there is evidence which tends to show that the witness Robinette was an accomplice in the commission of the crime charged in this case.

An accomplice is a person who joins with another in the commission of a crime. An accomplice is considered by the law to have an interest in the outcome of the case. You should examine every part of the testimony of this witness with the greatest care and caution. If, after doing so, you believe his testimony in whole or in part, you should treat what you believe the same as any other believable evidence.

Defendant contends the court erred by failing to charge that when considering an accomplice's testimony, the jury should remember that an accomplice, by his own admission, is *guilty*, as an accomplice, of the crime charged against the defendant. *State v. Bailey,* 254 N. C. 380, 388, 119 S. E. 2d 165 (1961).

We note that charges subsequent to *Bailey, supra,* have been approved by our Supreme Court in which no recital is made that the accomplice is *guilty*, as an accomplice, of the crime charged against the defendant. *See State v. Hairston* and *State v. Howard* and *State v. McIntyre,* 280 N. C. 220, 234, 185 S. E. 2d 633 (1971), *cert. denied* 409 U. S. 888 (1972); *State v. Harris,* 290 N. C. 681, 228 S. E. 2d 437 (1976). Defendant's assignment of error is overruled.

For the reasons stated above, we find in defendant's trial

No error.

Chief Judge MORRIS and Judge ARNOLD concur.