STATE OF NORTH CAROLINA v. WAYON DAVIS GRAHAM

No. 130

(Filed 8 July 1981)

**Criminal Law § 40— testimony at former trial—transcript properly suppressed**

In a prosecution of defendant for aiding and abetting a murder, the trial court properly granted defendant's motion to suppress a transcript of a witness's testimony given at defendant's prior trial for accessory before the fact of murder, though defendant was present and represented by counsel at his former trial for accessory before the fact of murder and though the witness, who asserted his Fifth Amendment right not to testify, was considered "unavailable" for the purpose of determining whether his prior recorded testimony could be admitted into evidence, since the proceeding at which the witness's testimony was given was not a former trial of the same cause as that involved in the present case, the offense of accessory before the fact to murder being distinct from the offense of aiding and abetting the same murder. Moreover, defendant's prior trial for accessory before the fact of murder could not be viewed as the trial of another cause involving the same issues and subject matter as those involved in this case for aiding and abetting a murder, and allowing the transcript of the witness's prior testimony to be admitted in this case would deprive defendant of his right to cross-examine the witness concerning elements of the offense of aiding and abetting.

Justices HUSKINS and CARLTON dissent.

THE State of North Carolina appeals from judgment of *Hairston, J.,* entered at the 2 February 1981 Criminal Session of Superior Court, DAVIDSON County, granting defendant's motion to suppress. The State appeals pursuant to G.S. 15A-1445(b) and G.S. 15A-979.

Defendant was previously charged in an indictment with the offense of accessory before the fact of murder. That case was tried at the 22 April 1980 Session of Superior Court in Davidson County. At that trial, Benjamin Elwood Peace testified for the State pursuant to a plea bargaining agreement in which the State agreed to allow him to plead guilty to second-degree murder for the killing of Donald Felts on 17 September 1979 in exchange for his testimony against defendant. Peace testified under oath before a jury concerning defendant's involvement in the homicide. Since Peace's testimony tended to establish that defendant was present at the scene of the homicide, the court allowed

defendant's motion to dismiss the accessory before the fact charge at the close of the State's evidence. Defendant was subsequently charged in an indictment, proper in form, with aiding and abetting the murder of Donald Felts on 17 September 1979, and the case was set for trial on 2 February 1981.

Prior to trial the State was informed that Peace would refuse to testify in this case. The State then moved to offer into evidence the transcript of Peace's testimony at the prior trial. Before a jury was selected on 2 February 1981 defendant moved to suppress this evidence. The trial judge held a hearing on the motion and granted defendant's motion to suppress.

*J. Calvin Cunningham for defendant.*

*Attorney General Rufus L. Edmisten by Assistant Attorney General Nonnie F. Midgette for the State.*

COPELAND, Justice.

The sole issue presented by this appeal is whether the trial court erred in granting defendant's motion to suppress the evidence of Benjamin Peace's testimony at defendant's prior trial for accessory before the fact of murder. For the reasons stated below, we affirm the trial court's action in granting defendant's motion.

The recorded testimony of a witness in a former trial will not ordinarily be admitted as substantive evidence in a later criminal trial. The prior testimony is considered hearsay evidence, the admission of which would violate the accused's right under the Sixth Amendment of the United States Constitution to confront the witnesses presented against him.[1] If possible, the witness himself must be produced to testify *de novo. Mancusi v. Stubbs,* 408 U.S. 204, 92 S.Ct. 2308, 33 L.Ed. 2d 293 (1972); *Barber v. Page,* 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed. 2d 255 (1968); *State v. Cope,* 240 N.C. 244, 81 S.E. 2d 773 (1954).

However, it has long been held that an exception to the Sixth Amendment right of confrontation exists where a material

---

1. The Sixth Amendment right of confrontation has been made applicable to the states through the Fourteenth Amendment. *Pointer v. State of Texas,* 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed. 2d 923 (1965).

witness is unavailable to testify, but has given testimony at a previous judicial proceeding against the same defendant, and was subject to cross-examination by that defendant at the prior proceeding. *Mattox v. United States*, 156 U.S. 237, 15 S.Ct. 337, 39 L.Ed. 409 (1895). In such a situation, the transcript of the witness' testimony at the prior trial may be admitted as substantive evidence against the same defendant at a subsequent trial. The justification for this exception is that the defendant's right of confrontation is adequately protected by the opportunity to cross-examine afforded at the initial proceeding. *Barber v. Page, supra; State v. Prince*, 270 N.C. 769, 154 S.E. 2d 897 (1967).

Speaking for this Court in *State v. Smith*, 291 N.C. 505, 524, 231 S.E. 2d 663, 675 (1977), Justice Huskins set forth the circumstances under which the prior recorded testimony of a witness may be admitted at a subsequent trial in this jurisdiction as follows:

"(1) The witness is unavailable; (2) the proceedings at which the testimony was given was a former trial of the same cause, or a preliminary stage of the same cause, or the trial of another cause involving the issue and subject matter at which the testimony is directed; and (3) the current defendants were present at that time and represented by counsel."

*See also* 1 Stansbury's North Carolina Evidence § 145 (Brandis Rev. 1973). The State contends that each of the three circumstances enumerated in *Smith* is present in the case *sub judice*, and therefore Benjamin Peace's prior recorded testimony should have been admitted.

We agree that the first and third requirements specified in *Smith* are present in this case. It is uncontroverted that defendant was present and represented by counsel at his former trial for accessory before the fact of murder. In addition, it has been held that where a witness is physically present at the trial, but asserts his Fifth Amendment right under the United States Constitution not to testify, then he is considered "unavailable" for the purpose of determining whether his prior recorded testimony may be admitted into evidence. The relevant inquiry is whether the witness' testimony was available, not whether his body was. *Mason v. United States*, 408 F. 2d 903 (10th Cir. 1969), *cert. denied* 400 U.S. 993, 91 S.Ct. 462, 27 L.Ed. 2d 441 (1971); *State v.*

*Keller*, 50 N.C. App. 364, 273 S.E. 2d 741 (1981). *See also United States v. Zurosky*, 614 F. 2d 779 (1st Cir. 1979), *cert. denied* 446 U.S. 967, 100 S.Ct. 2945, 64 L.Ed. 2d 826 (1980); *United States v. Toney*, 599 F. 2d 787 (6th Cir. 1979); *United States v. Wilcox*, 450 F. 2d 1131 (5th Cir. 1971), *cert. denied* 405 U.S. 917, 92 S.Ct. 941, 30 L.Ed. 2d 787 (1972). Benjamin Peace testified at the hearing on defendant's motion to suppress that he would assert his Fifth Amendment privilege against self-incrimination and refuse to testify in this case, despite the consequences. He may therefore be considered an "unavailable" witness.

Nevertheless, we find that Peace's prior testimony fails to meet the second requirement specified in *Smith*, that "the proceeding at which the testimony was given was a former trial of the same cause, or a preliminary stage of the same cause, or the trial of another cause involving the issue and subject matter at which the testimony is directed." 291 N.C. at 524, 231 S.E. 2d at 675. In his prior trial, defendant was charged as an accessory before the fact to the murder of Donald Felts. In the present action, defendant is charged with aiding and abetting the same murder. This Court has long maintained a distinction between the offenses of accessory before the fact and aiding and abetting, thus it cannot be argued that the proceeding at which Peace's testimony was given was a former trial of the same cause as that involved in the present action.

The elements which the State must prove in order to convict a defendant of being an accessory before the fact are:

"(1) that the defendant counseled, procured, commanded, encouraged, or aided another to commit the offense; (2) the defendant was not present when the crime was committed; and (3) the principal committed the crime.

*State v. Hunter*, 290 N.C. 556, 576, 227 S.E. 2d 535, 547 (1976). *See also State v. Saults*, 294 N.C. 722, 242 S.E. 2d 801 (1978); *State v. Philyaw*, 291 N.C. 312, 230 S.E. 2d 370 (1976). An aider is one who is present at the time and place of the offense and renders aid to the perpetrator, without actually committing the offense. An abettor is one who gives aid and comfort to the perpetrator, or one who commands, advises, instigates or encourages another to commit the offense. *State v. Matthews*, 299 N.C. 284, 261 S.E. 2d 872 (1980); *State v. Benton*, 276 N.C. 641, 174 S.E. 2d 793 (1970).

The distinction between the two offenses lies in the element of presence or absence at the time and place the crime is committed. An accessory before the fact must be absent from the scene of the offense, while an aider and abettor must be actually or constructively present at the scene. *State v. Furr*, 292 N.C. 711, 235 S.E. 2d 193 (1977); *State v. Benton, supra.* Since each offense has a separate and distinct element not included in the other, they cannot be considered the same cause.

The State submits that even if the two offenses cannot be considered the same cause for purposes of defendant's motion to suppress, defendant's prior trial for accessory before the fact should be viewed as the trial of another cause involving the same issues and subject matter as that involved in the action before us, thereby satisfying the second circumstance set forth in *Smith.* We disagree. Although the subject matter of the two trials was the same, *i.e.*, defendant's participation in the murder of Donald Felts, the issues with which the trial court is concerned in the present action differ significantly from those involved in the prior trial.

The attorney who represented defendant at his prior trial testified at the hearing on defendant's motion to suppress that his cross-examination of Benjamin Peace at the former trial was limited to the issue of defendant's presence or absence at the scene of the homicide. He stated that the trial judge in the former proceeding indicated to him in chambers that little purpose would be served by a full cross-examination of Peace on all the elements involved in the offense. Consequently, his sole motive and purpose in cross-examining Peace was to establish defendant's presence at the time and place of the murder. Were we to allow the transcript of Peace's prior testimony to be admitted in this case, we would deprive defendant of his right to cross-examine Peace concerning the remaining elements of the offense of aiding and abetting.

The exception to the hearsay rule which renders prior recorded testimony of an unavailable witness admissible at a subsequent trial applies only where the issues in the two proceedings are sufficiently similar to assure that the party against whom the evidence is presented had a meaningful opportunity to cross-examine the witness when the testimony was first offered. *United States v. Wingate*, 520 F. 2d 309 (2d Cir. 1975); *United*

*States v. Mobley,* 421 F. 2d 345 (5th Cir. 1970). *See also United States v. Zurosky, supra.* Since the cross-examination of Peace at the prior trial was limited to the issue of defendant's presence at the scene of the homicide, defendant had no meaningful opportunity to cross-examine Peace as to the other elements of the aiding and abetting offense. We therefore find the hearsay exception for prior recorded testimony of an unavailable witness inapplicable under the facts of this case, and hold that the trial court properly granted defendant's motion to suppress. Accordingly, the judgment of the trial court is

Affirmed.

Justices HUSKINS and CARLTON dissent.